LOUIS BARTHELEMY MACARTY *v.* PIERRE LANDREAUX, Recorder of Mortgages for New Orleans.

A mortgage, duly recorded, can be erased from the books of the recorder only by the consent of the mortgagee, or by a judgment decreeing such erasure.  C. C. 3335, 3336.  It is the property of the mortgagee, and cannot be destroyed by any act of the recorder.

Macarty v. Landreaux, Recorder.

A mortgagee cannot maintain an action against a recorder of mortgages for damages for the mere act of erroneously erasing a mortgage, where no attempt has been made to enforce the mortgage. As the act of the recorder could not destroy the mortgage, even against an innocent purchaser, who had bought on the faith of a certificate of there being no mortgage on the property, he can be made liable to the mortgagee for such damages only as may result from the fact of the mortgagee's recourse against the mortgaged property being rendered thereby more difficult and expensive. But the recorder will be responsible to the purchaser, for any loss to which he may have been subjected by the error.

The certificate of a recorder of mortgages as to the existence or erasure of mortgages, is only *prima facie* evidence of the facts stated in it.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Roselius*, for the appellant. This is an action to make the recorder of mortgages responsible for the consequences of erroneously erasing a special mortgage, on certain real property, in favor of the plaintiff. The facts of the case are succinctly set forth in the petition—the granting of the mortgage; its registry; its having been illegally cancelled and erased by the defendant; the sale of the property, subject to the mortgage, to an innocent purchaser, without notice; and the inability of the mortgagor to pay the debt; with other circumstances to fix the liability of the defendant.

To this petition the defendant filed two exceptions: *First*, "that even admitting all the allegations in the plaintiff's petition, no right of action is shown against the defendant; and *secondly*, that, at all events, the action is premature, as the plaintiff has not alleged any unsuccessful attempt to recover his debt, either by personal action against the parties liable, or hypothecary action against the property."

The District Court sustained the second of these exceptions, and dismissed the suit. From this judgment the present appeal is taken. It is difficult to conceive on what ground the opinion of the District Court can be sustained. The judge refers to the 3335th article of the Civil Code, which declares that mortgages can only be "erased, by consent of the parties interested, and having a capacity for that purpose; such consent to be evidenced by a release, or by a receipt given on the records of the court rendering the judgment on which the mortgage is founded." The rule here laid down supports the pretensions of the plaintiff. The plaintiff complains, that the mortgage has been cancelled by the defendant, in violation of this very article of the Code. The liability of the recorder of mortgages for the loss sustained by the plaintiff, in consequence of the mortgage having been improperly erased, is too clear to require argument. Article 3358

of the Code contains an express provision, declaring his liability.
The judge of the court below seems to think, that the property
originally subjected to the mortgage, may still be seized and sold
in the hands of a third possessor in good faith, notwithstanding
the erasure and the certificate of the recorder of mortgages. This
is a mistake. Conventional mortgages have effect against third
persons from the date of their inscription; and it follows, as a
necessary consequence, that their effect ceases the moment that
inscription is erased. All the facts alleged in the petition must
be taken for true, for the purpose of deciding on this exception.

*Benjamin,* for the defendant. The sole question of law in this
case is this: If A possess a duly recorded mortgage on the pro-
perty of B, can this mortgage be destroyed or erased, so as to
affect him, in any other manner than that pointed out by law;
and can the fact of the recorder's giving a certificate to B, de-
claring the property to be free of mortgage, prevent A from exer-
cising his hypothecary action even against C, an innocent third
purchaser, who has bought on the faith of the recorder's errone-
ous certificate?

The defendant maintains, that the mortgage is still in force,
and that A's right to pursue the property is unaffected by the
mistake of the recorder.

It will be conceded, that A's right to his mortgage is a vested
right, from the very moment that he complies with the directions
of the law, by causing his mortgage to be inscribed. Civil Code,
art. 3314. How can this mortgage be taken from him? The
Civil Code, art. 3335, *et seq.,* gives the answer.—Only by his
*consent,* or by a *judgment.* In the present case there was nei-
ther. The conclusion is irresistible, that the mortgage still ex-
ists unimpaired.

That the recorder of mortgages is liable, on the state of facts
set forth in the petition, is undeniable—but to whom? The
answer is, that he is liable to C, the third person who purchased
on the faith of his certificate that there was no mortgage on the
property.

This reasoning appears to be unanswerable in principle, and
our legislation is in accordance with it. By the Old Code, p.
466, art. 60, the contrary doctrine was sanctioned; but, on re-
vising that Code, our lawyers perceived, that this article was a
departure from sound principles, and it was omitted *ex industria.*
In the new Code, art. 3357, the recorder is made responsible for
"omitting to mention an act existing on the register," which
clearly implies a responsibility towards the person who is de-
ceived by the certificate; but nothing is said of his responsibility
towards a mortgagee, for irregularly or illegally cancelling a re-

corded mortgage, because such illegal cancelling cannot impair the rights of the mortgagee. In the case of *Dreux* v. *His Creditors*, 4 Mart. N. S. 630, even under the old Code, this court decided, that a mortgagee did not lose his rank in a *concurso*, because the register omitted to state the mortgage in his certificate. How then has the present plaintiff lost his? Let him pursue his mortgage claim, and he will recover from the third possessor; and in an action by that third possessor we may, and probably shall be able to prove that he *knew the mortgage to exist*, notwithstanding the certificate to the contrary. Of this proof we can take no advantage in the present suit; but it will form for us a complete defence in an action by the third possessor.

Even if the defendant be liable, the plaintiff cannot recover, because his action is premature. *Non constat*, that the debtor will not pay him in a personal action, if brought by the plaintiff; and until that personal action is found to be fruitless, this court cannot say that the plaintiff has suffered any damage.

*L. Janin*, for the appellant, in reply. Admit for the sake of argument, that the position of the defendant's counsel is true, that the mortgage, erased through an oversight of the recorder of mortgages, is not extinct, but may be enforced by the mortgagee, will it follow that the mortgagee cannot bring a direct suit against the recorder, without having exhausted his recourse against the mortgagor and the property?

It is against the third possessor and the property, that the defendant would force us to proceed in the first instance. He asserts, that we must succeed against the third possessor, and intimates, that if afterwards the evicted third possessor should sue him, it might be shown, that the third possessor had notice of the mortgage. The supposed notice of the third possessor might be a defence on the merits. It is certainly not a matter of exception, under the allegations of the petition. But the petition, the allegations of which must for the present be taken for true, asserts, that plaintiff has lost all right upon the lots: and this negatives the idea of notice in Guesnon's vendee. We must therefore assume the non-existence of such notice.

The case thus stated, presents a clear right of action against the recorder of mortgages. But is it the mortgagee, or the innocent purchaser, that possesses the right of action? If the recorder has any interest in solving this question, it would be in favor of the right of the mortgagee. He would thus be exposed to but one suit; while, if plaintiff should successfully enforce his claim against the third possessor, the recorder would be liable, in a suit by the latter, to the expenses of two suits, and of a judicial sale, &c. The defendant would drive the plaintiff to a circuity

of action, without the least benefit to himself. There is no defence which a recorder of mortgages could set up to a suit by the evicted third possessor, which he might not avail himself of in this suit.

Nothing prevents the defendant from calling the third possessor in warranty. The plaintiff has suffered an "injury" (art. 3357) by the fault of the defendant. When about to enforce his mortgage, he is estopped by its erasure. Instead of a simple executory process, he has an intricate, litigated suit, in which several successive purchasers, each with the merits of his individual case, may unite in contending with him. The consequence would at least be delay and expense—an undeniable injury. The plaintiff has a right to be replaced in his original position, and it is but natural that he should proceed against the party who made him lose it, against the party who is in fault, rather than against an innocent purchaser, an innocent sufferer, like himself.

MORPHY J. This suit is brought to make the defendant responsible for the consequences of erroneously erasing from his books, as recorder of mortgages, a special mortgage on real property in favor of the plaintiff. The petition sets forth in substance, that Macarty, Martin Duralde, and Etienne Carraby, sold to P. Guesnon three undivided fourths of twelve lots of ground, the other undivided fourth of which belonged to Guesnon; that, in the division of the notes proceeding from this sale, the plaintiff became the holder of a note of $2250, drawn by Guesnon to his order, which was secured by a special mortgage on the property sold, which mortgage was duly recorded in the office of Pierre Landreaux, recorder of mortgages for the parish and city of New Orleans; that, at the request of Guesnon, the plaintiff and his co-vendors released and raised this special mortgage, so far as it affected eight of the said lots of ground, but expressly reserved their mortgage on the four other lots; that Pierre Landreaux, instead of erasing the mortgage only so far as it bore on the eight lots described in the act of release, raised and cancelled it absolutely; that, afterwards, P. Guesnon sold the four lots of ground on which the mortgage had been reserved, and obtained from the recorder of mortgages a certificate that the mortgage in favor of the plaintiff no longer existed, by reason and in consequence of which the plaintiff lost the security he had for the payment of his note; that, at its maturity, Guesnon

paid on account of it $250, and the interest up to the first of November, 1839, but that he is altogether unable to pay the balance yet remaining due; that if the mortgage on these four lots of ground had not been erased by Landreaux, the plaintiff's security for the payment of his note would have been ample and sufficient; and that, under such circumstances, Landreaux is responsible to the plaintiff in damages, for the amount of the balance yet due to him, for which sum judgment is demanded.

To this petition the defendant filed the following exceptions, to wit:

1. That, even admitting all the allegations of the petition, no right of action is shown against the defendant.

2. That, under any circumstances the action is premature, as the plaintiff has not alleged an unsuccessful attempt to recover his debt, either by personal action against the parties liable, or by hypothecary action against the property. The district judge sustained the second of these exceptions, and dismissed the suit, whereupon the plaintiff appealed.

The liability of the recorder of mortgages to the plaintiff can be maintained only upon the ground, that the latter has lost all recourse upon the property originally subjected to his mortgage, in consequence of its unauthorized erasure, and the delivery of a certificate to Guesnon's vendee, declaring the property to be free of mortgage. The appellee's counsel contends, that such is not the case; that the plaintiff's mortgage is still in force; and that his right to pursue the property is not impaired by the mistake of the recorder. We concur in this opinion. .

A mortgage, when duly recorded, can be erased from the books of the recorder only in one of the modes pointed out by law, that is, by the *consent* of the mortgagee, or by a *judgment* decreeing such erasure. Civil Code, arts. 3335, 3336. In the present case there was neither. The vested right which a mortgagee has acquired by the registry of his mortgage, is surely not held at the will and pleasure of the recorder of mortgages. This officer cannot by his own act destroy the mortgage of a party, and substitute to it the guarantee of his personal or official responsibility. He can have no control over a mortgage when it has been duly recorded. It becomes the property of the mortgagee,

from whom it can be taken only in one of the modes pointed out
by law. This court has held, that the certificate of the recorder
of mortgages forms only *prima facie* evidence of the facts stated
in it; that it is not conclusive, and may be contradicted. The
mortgagee may show, that the certificate is untrue; that the re-
corder acted on insufficient evidence, and without his consent;
or, in case of an erasure by judgment, that he was not a party
to the action brought, or proceeding instituted to cancel his mort-
gage. 5 Mart. 625. 11 Ib. 526. In such cases, the mortgage,
we think, exists unimpaired even against the innocent vendee,
who has bought on the faith of a certificate that there was no
mortgage on the property. If the latter be evicted, the recorder
of mortgages is responsible in damages to him. Article 3357
implies a liability towards the person who is deceived by the er-
roneous certificate. If nothing is said of the recorder's responsi-
bility towards the mortgagee for illegally cancelling a recorded
mortgage, it must be because such illegal erasure cannot impair
his legal rights. We are confirmed in this view of the subject,
by the suppression in the Civil Code of an article which existed
in the Code of 1808, sanctioning the contrary doctrine. It pro-
vided, that the immoveables and slaves, in relation to which the
recorder should omit in his certificate any recorded mortgages,
should remain free of such incumbrances in the hands of the
new possessor, saving the responsibility of the recorder, &c.
Code of 1808, p. 466, art. 60. This provision of law was en-
tirely left out of the new Code, it appearing no doubt inconsistent
with the rights of the mortgagee. It has been urged that, as
conventional mortgages have effect against third persons only
from the date of their inscription upon the books of the recorder
of mortgages, their effect necessarily ceases the moment the in-
scription is erased. It is true, that it is the enregistering alone,
which gives effect to mortgages against third persons; therefore,
if a mortgage is not recorded at all, or is recorded for less than
its real amount, the mortgage creditor acquires no right as to
third persons, except for the amount mentioned in the registry
made by the recorder. It was on this principle that we held in
the case of *Falconer's Succession*, 4 Robinson, 5, that a mort-
gage for $14,000, which through mistake was recorded as being

only $1400, was valid and binding as to third persons, only for the latter sum. For omissions or errors committed in the recording of mortgages, the recorder is clearly liable to the creditor, who, through his fault or neglect, is prevented from acquiring a legal right under his mortgage against third persons; but it is otherwise, we think, when a correct registry has been made. Its effect does not cease because the recorder, through error or design has erased it, and delivered a certificate declaring "that it no longer exists." Such acts on his part cannot destroy or impair the vested right of the mortgagee, but they will render him liable in damages to the person who has been deceived by his certificate. If the party whose mortgage has been erroneously erased, could at once sue the recorder of mortgages for indemnity, what would be the measure of such indemnity? The amount of a mortgage cannot always be considered as that of the real loss and injury, which a mortgagee sustains in consequence of its erasure. The property may have fallen very much in value; it may have been originally mortgaged for a sum greatly exceeding its value; it may be subject to other mortgages anterior to that which has been erased, so as to render the latter mortgage of little or no value, &c. Is the recorder, under any circumstances, to pay to the mortgagee the full amount of his claim, that is, much more than he could ever have made out of the property subject to his mortgage? He would be liable, we apprehend, only for the loss really sustained. Upon the whole, we are by no means prepared to say, that the plaintiff has lost all recourse upon the property mortgaged to him. It is true, that his recourse may have been rendered more difficult and expensive, in consequence of the acts of the defendant. Such damages as he may sustain in consequence thereof, he will probably be entitled to recover; but these can be ascertained only after he shall have pursued his mortgage claim. He cannot as yet be said to have suffered any loss; and cannot, therefore, maintain the present action.

*Judgment affirmed.*