## No. 741.

MECHANICS' BUILDING ASSOCIATION vs. C. L. FERGUSON. J. B. PUGH, THIRD OPPONENT.

The pledge or sale of a negotiable instrument before its maturity carries with it all the liens by which the instrument is secured, and by such sale, or pledge, the transferee divests himself of all power to affect the liens which secure the instrument.

The unauthorized cancellation of a mortgage by the recorder of mortgages, can not impair any rights of the owner of the mortgage.

APPEAL from the Tenth Judicial District Court, parish of Caddo. Looney, J.

W. H. Wise, for plaintiff and appellee.

J. B. Slattery, for defendant.

T. Alexander and E. B. Herndon, for third opponent.

The opinion of the court was delivered by

MANNING, C. J. In November, 1874, one Frank borrowed a sum of money from J. B. Pugh, and executed his notes for its payment, and at

the same time delivered to Pugh in pledge, and as security, two notes of the defendant, Ferguson, for eight hundred dollars each, dated March 14, 1874, and payable to Frank's order one and two years after their date, which were secured by a special mortgage and the vendor's privilege on two lots in Shreveport. In March, 1875, Ferguson, being about to execute a mortgage to the plaintiff upon the same property, procured from Frank a waiver of his precedence, and agreed that the plaintiff's mortgage should prime his. Upon the foreclosure of plaintiff's mortgage, and the sale of the property, Pugh filed a third opposition to the payment of the proceeds of sale to the plaintiff, and claimed them for himself to an amount sufficient to satisfy the two notes held by him.

The lower court held that Frank's waiver was effectual, and displaced the mortgage which secured the notes pledged to Pugh. We do not think so.

It is well established that the holder, transferee, or pledgee before maturity of a negotiable promissory note as collateral security is entitled, to the extent of his debt, to all the rights of a *bona fide* holder for value, and is for all practical purposes the owner of the obligation. King vs. Gayoso, 8 New Series, 370; Nott vs. Watson, 11 An. 664; Bank vs. Gaiennie, 21 An. 555. When a debtor wishes to pawn promissory notes, stocks, etc., he shall deliver them to the creditor, and such pawn so made without further formalities shall be valid as well against third persons as against the pledgers thereof, if made in good faith. Civil Code, article 3125, new number 3158.

" When the bill or note of a third party, payable to order, is indorsed as collateral security for a debt contracted at the time of such indorsement, the indorsee is a *bona fide* holder for value in the usual course of business, and is entitled to protection against equities and offsets and other defenses available between antecedent parties, provided, of course, that the bill or note transferred as collateral security is itself at the time not overdue. And the same principle applies when the collateral bill or note is payable to bearer, and is transferred to the creditor by delivery. This doctrine rests upon clear grounds. There is an evident present consideration for the transfer of the collateral bill or note; a present change in the legal rights of the parties. And the text-writers, supported by an almost unbroken train of decisions, agree that the indorsee is entitled to protection to the extent of the debt secured." Daniel's Negot. Instruments, sec. 824.

And that the holder and pledgee of the notes in this case held also the rights under the mortgage which was a security for their payment is equally clear. "The assignment of a debt, by whatever form of transfer, carries with it any bill or note by which it is secured; and the transfer by indorsement or assignment of a bill or note carries with it all

securities for its payment, whether a mortgage or otherwise." *Idem,*. section 748.

The sale or transfer of a credit includes every thing which is an accessory to the same, as suretyship, privileges, and mortgages. Civil Code,. art. 2615, new number 2645.

The mortgage is accessory to a principal obligation, which it is designed to strengthen, and of which it is to secure the execution. Civil Code, article 3251, new number 3284.

The transfer of a negotiable note by indorsement operates a transfer of any mortgage given to secure it. Auguste vs. Renard, 3 Rob. 389; Perot vs. Levasseur, 21 An. 529.

The plaintiff contends that the waiver by Frank of his antecedent mortgage gave the precedence to that just then executed in favor of plaintiff; but Frank had parted with the possession of the notes, and had not the right to deprive his transferee of the accessory security. The holder of mortgage notes, payable to order and duly paraphed, alone has the right to raise the mortgage, or release the privilege given to secure their payment, and the recorder has no right to cancel the mortgage without the production of the notes themselves, and upon the order of the holders thereof. Civil Code, article 3345, new number 3382. The erasure and cancellation of a mortgage by the recorder will not bind the mortgagee when it has been done without his knowledge or consent, and he may enforce his rights under the mortgage against the property mortgaged. He may show that the certificate is untrue, and that the recorder acted on insufficient evidence, and without his consent. Dreux vs. Dacourneaux, 5 Martin, 625; Lafarge vs. Morgan, 11 Martin, 525; Macarty vs. Landreaux, 8 Rob. 130. These enunciations of legal principles are made in the language of the Code, and the decisions of this court through a series of years, and justify the claim of the third opponent to be paid out of the proceeds of the sale. But he can claim only the amount of the debt which Frank owes him, and to secure which the mortgage notes were pledged.

Therefore, it is ordered, adjudged, and decreed that the judgment of the lower court is avoided and reversed, and it is now ordered and decreed that J. B. Pugh is entitled to be paid the amount of the two notes of Frank, executed to him, for six hundred and seventy-two dollars and five hundred and sixty dollars, and interest thereon, and that the sheriff of the parish of Caddo pay such amount to the opponent out of the proceeds of sale of the mortgaged property, and that opponent recover of the plaintiff the costs of his opposition in the lower court and the costs. of this appeal.

Mr. Justice Egan recused himself in this case.