April 17, 1911.

————o————

5277.

(Court of Appeal, Parish of Orleans).

## MRS. S. ROBINSON vs. FIDELITY & DEPOSIT COMPANY OF MARYLAND.

The cancellation and release of a mortgage upon the records made upon the false and fraudulent certificate of release of a notary, and without the knowledge and consent of the holder of the mortgage note in whose possession it was at the date of said release and of said cancellation, is of no effect as against the latter.

Appeal from the Civil District Court, Division "A."

W. W. Wall and Chas. Schneidau, for plaintiff and appellee.

Morgan and Milner, for defendant and appellant.

GODCHAUX, J.—The following facts are recited in the petition:

On April 13, 1898, Mrs. Depass purchased a note of $1,850, of Mrs. Catherine Clark, dated April 2, 1898, and secured by mortgage on her property granted by act before Taylor, notary, of even date therewith. During the period of 1902 to 1905, interest was paid annually and the note extended to April 2, 1905, $150 being paid on the principal on May 16, 1903. In 1906 the interest to April 2, 1906, and $500 towards the principal were paid and on April 2, 1907, the interest to said date on the balance of $1,200 was satisfied.

On June 8, 1903, Taylor, as notary, executed a notarial certificate of release wherein he recited that "Mrs. Catherine Clark has this day exhibited to me, duly paid and cancelled, and which I, notary, otherwise defaced," her mortgage note aforesaid of $1,800; and on September 28, 1903, Taylor filed said certificate with the Recorder of Mortgages, who thereupon erased of record the mortgage aforesaid.

On May 22, 1907, four days after Taylor had died leaving no estate whatever, petitioners, who are the heirs of Mrs. Depass and are the present holders of the note, were informed by Taylor's representative that the note had long since been paid by Mrs. Clark and that it was of no value.

It is further alleged, and it is evident from the note itself, which is attached to and made part of the petition, that the certificate of release is false in its recital that the note was defaced, and it is averred that by reason of said false recital Taylor was enabled to keep the note "ostensibly in negotiable condition" and to secure the erasure of record of the mortgage and to thereby cause petitioners the damages, equal to the face value of the note and accrued interest, which they seek to recover of defendant, the alleged surety on Taylor's notarial bond.

It is clear, from these averments, that the right of re-

covery is grounded upon the assumption that by means of the execution or filing of the certificate of release, plaintiffs were deprived of their mortgage security. The facts stated do not warrant such an assumption, for they nowhere indicate that plaintiffs ever parted with the possession of the note from the time it was first acquired to the present date—and this is fatal to the contention that the cancellation was valid or effective insofar as plaintiffs are concerned.

"The cancellation and release of a mortgage upon the records made upon the faith of a false and fraudulent certificate of release of a notary, and without the knowledge and consent of the holder of the mortgage note, is of no effect as against the latter who has never parted with the physical possession of the note, nor surrendered it for cancellation, as falsely recited in the act of release."

**Salisbury vs. Conner, 7 Ct. of App. 276.**

'The holder of mortgage notes, payable to order and duly paraphed, alone has the right to raise the mortgage, or release the privilege given to secure their payment, and the Recorder has no right to cancel the mortgage without the production of the notes themselves, and upon the order of the holder thereof. **Civil Code, Article 3345**, new number 3382. The erasure and cancellation of a mortgage by the Recorder will not bind the mortgagee when it has been done without his knowledge or consent, and he may enforce his rights under the mortgage against the mortgaged property. He may show that the certificate is untrue and that the Recorder acted upon insufficient evidence, and without his consent. **Dreaux vs. Ducourneaux( 5 Martin, 625; Lafarge vs. Morgan, 11 Martin, 525; Macarty vs. Landreaux, 8 Rob. 130.**"

Mechanics Building Association vs. Fergerson, 29 An. 548. See, also, Mrs. Se St. Pomes vs. Widow Blanc, 20 An. 424.

Though the pleading is lacking in essential allegations on this point as well as in other particulars, it is unnecessary to further consider the plea of no cause of action that was filed and overruled; for the evidence does not disclose that the mortgage note was in the notary's hands at the time of his execution of the certificate of release on June 8, 1903, or of the filing thereof with the Recorder in September of that year. It is true that plaintiffs have produced a receipt of the notary, dated May 16, 1903, wherein he acknowledges to have received the note on that date from plaintiffs for purposes of collection; but endorsements on the note itself, made later on the same day he received it for collection, showing a renewal of the note to April 2, 1904, a partial liquidation of the principal, and a payment in satisfaction of the interest accrued, when considered in connection with the acknowledgement in plaintiff's petition that these payments were actually made on that date, destroy the effect of the receipt insofar as it might otherwise tend to indicate that the note remained in the notary's hands until June 8th, when he executed his certificate.

In the absence of more definite proof, these facts sufficiently disclose that the note must have been returned to plaintiff by the notary on May 18, 1903, that is, as soon as he had accomplished the object for which he had received the note.

The view taken of the case, namely, that the release of the mortgage was never effective as to plaintiffs and that consequently they had no cause for complaint and no right of recovery as against the surety, renders unnecessary a consideration of the other defenses that have been urged.

The judgment below was in favor of plaintiffs and it must be reversed and suit dismissed.

It is, accordingly, ordered that the judgment appealed from be reversed and set aside, and it is now ordered that plaintiffs' suit be dismissed at their costs in both courts.

Reversed.

Dufour, J., takes no part.

May 1, 1911.

Rehearing refused, May 29, 1911.