(108 So. 666)

No. 27832.

### FISHER v. TRIMBLE et al.

### In re FISHER.

(May 3, 1926. Rehearing Denied May 31, 1926.)

*(Syllabus by Editorial Staff.)*

1. Mortgages ⬤➾504—Mortgagee, suing to enjoin sale of property, seized in proceedings by executory process to foreclose prior mortgage, has burden to show that such mortgage and note secured were forged as alleged.

In mortgagee's suit to enjoin sale of property seized in proceedings by executory process to foreclose prior mortgage, burden was on plaintiff to show that such mortgage and note secured thereby were forged as claimed by him.

2. Mortgages ⬤➾314—Mortgage, canceled by custodian of record on presentation of forged note, remains in force as between mortgagor and holders of note secured, and may be foreclosed.

Mortgage, canceled by custodian of record on presentation of forged note corresponding to that secured thereby, remains in force as between mortgagor and holders of note, and may be foreclosed.

3. Mortgages ⬤➾504—Mortgagee suing to enjoin sale under prior mortgage cannot question defendant's right to proceed by executory process.

Mortgagee suing to enjoin sale under prior mortgage cannot question defendant's right to proceed by executory process, being stranger to such proceeding.

Suit by J. F. Fisher against Mrs. Martha H. Trimble, personally and as natural tutrix of her children, and another. To review a judgment recalling a rule nisi and rejecting plaintiff's demand for a preliminary injunction, plaintiff applies for writs of certiorari, mandamus and prohibition. Writs recalled, and judgment affirmed.

T. H. McGregor, of Shreveport, for relator.
Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for respondents.

OVERTON, J. On May 21, 1923, a mortgage was executed apparently by Mrs. E. J. Chavis, before W. B. Massey, notary public, in the presence of two witnesses, to secure a promissory note, executed seemingly by Mrs. Chavis, payable to her order, and indorsed in blank apparently by her. This mortgage was recorded in May, 1923, in the mortgage records of the parish of Caddo, where the property on which it was granted is situated. The note secured by the mortgage was acquired by J. G. Trimble.

On January 7, 1925, some one, now unknown, presented to a deputy clerk of court in and for the parish of Caddo a note corresponding to the note mentioned above, and asked that the foregoing mortgage, given to secure it, be canceled. The deputy canceled

the inscription of the mortgage on the records. Later it developed that the note presented to the deputy, for the purpose of having the mortgage canceled, was forged. Hence it appears that the deputy, acting upon a forged instrument, canceled the mortgage.

On October 26, 1925, some eight months after the foregoing mortgage was canceled by the deputy clerk, Mrs. Chavis executed a mortgage on the same property, on which the mortgage, first mentioned, was granted, to secure a note made by her for $1,977.48, payable to the order of J. F. Fisher, the plaintiff herein, bearing 8 per cent. per annum interest from date, and containing the usual clause of 10 per cent. attorneys' fees.

J. G. Trimble, who acquired the note secured by the mortgage first mentioned, died. His widow, Martha H. Trimble, personally and as natural tutrix of her minor children, instituted proceedings by executory process to foreclose the mortgage, securing the note acquired by her husband, and now held by her and her children.

When the property, securing the note held by the Trimbles, was seized by them, Fisher, acting upon the theory that the seizure affected his rights as a mortgage creditor, petitioned the district court in and for the parish of Caddo for an injunction restraining Mrs. Trimble personally, and as natural tutrix of her children, and the sheriff of the parish of Caddo, from selling the property seized. · The injunction was applied for on two grounds; one of which is that the note and the mortgage on which the executory process issued were forged, and the other is that the mortgage had been canceled.

The trial judge granted a rule nisi on the application for an injunction. The rule was put at issue, and upon its trial considerable evidence was offered on the question of forgery vel non. The trial resulted in a judgment recalling the rule nisi and rejecting plaintiff's demand for a preliminary injunction. Plaintiff then applied to us to review. under our supervisory jurisdiction, the proceedings had, and to grant him relief.

After hearing the evidence adduced, the trial judge concluded that plaintiff had not only failed to show that the note and mortgage, held by the Trimbles, were forgeries, but that the preponderance of the evidence showed that they were not.

[1] The burden rested on plaintiff to show that the note and mortgage, attacked by him as being forged, were in fact forged. We have carefully examined the evidence, and our examination fails to disclose that the trial judge erred in ruling on the issue of forgery. Certainly the evidence is not such as to justify us in disturbing his ruling.

[2] In our opinion, the remaining ground urged for the issuance of the injunction— that is, the ground that the mortgage, held by the Trimbles, has been canceled, and was canceled before the mortgage held by plaintiffs was granted—is not well founded from a legal standpoint. The mortgage was canceled, without the knowledge or consent of its holders, by the deputy clerk, on the presentation to him of a note which was forged, by some person now unknown, corresponding to the note secured by the mortgage. It would be intolerable if the holder of a mortgage could be deprived of any of his rights under it by its cancellation on the presentation to the custodian of the records of a forged instrument, otherwise sufficient to authorize its cancellation. The holder of a note, secured by mortgage, cannot be deprived of his mortgage or of the protection flowing from its inscription in the mortgage records in any such manner. Any one accepting a mortgage on the property hypothecated, or purchasing the property on the faith of the cancellation, may have his recourse, but the mortgage remains intact notwithstanding the cancellation thus made. Macarty v. Landreaux, Recorder, 8 Rob. 130.

If we are in error in ruling, as we have in reference to the cancellation, and we are not of the opinion that we are, still the only effect that possibly could be given to the cancellation, thus made, would be its effect as to third persons acting on the faith of the cancellation, in dealing with reference to the property. No effect could be given to the cancellation as to the mortgagor, in whom, it may be said, the title to the property mortgaged still vests, for the mortgagor could not successfully claim that the mortgage has been satisfied or released in any manner prescribed or sanctioned by law, for it has not. Hence the mortgage, as between the mortgagor and the holders of the note, secured by it, is still in force, and, being in force, may be foreclosed. If effect, therefore, were given to the cancellation, as to third persons, the effect would be, not to prevent the foreclosure of the canceled mortgage, but merely to make plaintiff's mortgage, which has been recorded, prime that mortgage. Hence it is clear that plaintiff is not entitled to an injunction to restrain the foreclosure on the ground of the cancellation of the mortgage.

[3] Plaintiff also urges in this court that the Trimbles have no right to proceed by executory process, for the reason that there is a variance between the note, which they claim is secured by the mortgage, which they are foreclosing, and the description of the note contained in the mortgage itself. Plaintiff urged no such ground in his application for an injunction. Had he done so, however, the ground would not have availed him, for it appears, at least from the evidence offered aliunde the mortgage, that the mortgage was given to secure the note held by the Trimbles, and hence, if the mortgage could not be foreclosed by executory process, it could be foreclosed by ordinary process. Plaintiff, a third person to the proceeding by executory process, has no right to raise the question as to whether the plaintiff in those proceedings had the right to proceed by executory process. The defendant in the proceedings by executory process alone has that right.

For the reasons assigned, the writs that issued herein are recalled, and accordingly the judgment under review is affirmed, relator to pay the costs.