No. 3014

Second Circuit

———

## FISHER v. TRIMBLE ET AL.

———

(November 18, 1929. Opinion and Decree.)

———

T. H. McGregor, of Rayville, attorney for plaintiff, appellant.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, attorneys for defendants, appellees.

REYNOLDS, J. This was a suit to enjoin the sale of property under an order of seizure and sale issued in suit No. 41,087 on the docket of the district court of Caddo parish and entitled Mrs. Martha H. Trimble versus Mrs. E. J. Chavis.

Plaintiff alleged that he was the owner and holder of a promissory note for $1977.48 signed by Mrs. E. J. Chavis, dated October 26, 1925, drawn payable to his order one year after its date, bearing interest at the rate of 8 per cent per annum from its date until paid and stipulating payment of 10 per cent attorney's fees, and paraphed "Ne Varietur" to identify it with an act of mortgage of even date therewith securing its payment recorded in book 132, page 820 of the mortgage records of said parish.

That the property mortgaged is described as thirty-five feet of lot 21 lying next to lot 22 and five feet of lot 22 lying next to lot 21 of block 2 of ten acre lot 19 of the city of Shreveport, Louisiana.

He further alleged that in suit No. 41,087 on the docket of said court entitled Mrs. Martha H. Trimble versus Mrs. E. J. Chavis, Mrs. Trimble had obtained an order for the seizure and sale of said property on a mortgage thereof purporting to have been signed by Mrs. Chavis before a notary public and two witnesses on May 21, 1923, and recorded in book 100 at page 389 of said mortgage records, and granted to secure the payment of a promissory note for the sum of $1250, dated May 21, 1923, purporting to be signed and endorsed by Mrs. Chavis, drawn payable to the maker's order one year after its date, bearing interest at the rate of eight per cent per annum from its date until paid, and stipulating payment of 10 per cent attorney's fees, and paraphed "Ne Varietur" to identify it with the mortgage.

He further alleged that the note and mortgage were forgeries and that the mortgage had been cancelled on the record of mortgages.

He prayed that Mrs. Trimble be perpetually enjoined from proceeding further with the execution of the order of seizure and sale.

A temporary restraining order was granted and an order to show cause why it should not be made permanent.

Defendant denied that the note or mortgage was a forgery and alleged that the signatures to both were genuine. She also denied that the mortgage had been cancelled on the records. She admitted that it had been marked cancelled and alleged that the so marking it was erroneous and by endorsement· on the margin of the record by the Recorder of Mortgages the cancellation itself had been cancelled as erroneous.

The rule to show cause was tried and the temporary restraining order was dissolved and the rule recalled.

Thereupon plaintiff applied to the Supreme Court for a writ of certiorari to review the ruling of the district court and the writ was granted. On hearing of the case on certiorari the Supreme Court recalled the writ and affirmed the judgment of the district court (Fisher vs. Trimble, 161 La. 343, 108 So. 666), the Supreme Court saying, among other things:

"After hearing the evidence adduced, the trial judge concluded that plaintiff had not only failed to show that the note and mortgage held by the Trimbles were forgeries, but that the preponderance of the evidence showed that they were not. The burden rested on plaintiff to show that the note and mortgage attacked by him were in fact forged. We have carefully examined the evidence and our examination fails to disclose that the trial judge erred in ruling on the issue of forgery."

After this decision by the Supreme Court the case went to trial in the district court on the merits before a jury and the jury returned a verdict in favor of the defendant. Judgment was entered on the verdict in favor of the defendant and the plaintiff appealed.

Before plaintiff's suit was commenced, Mrs. E. J. Chavis also brought a suit against Mrs. Martha· H. Trimble to enjoin the execution of the same writ of seizure and sale. That suit was No. 41,969 on the docket of the district court of Caddo parish and entitled Mrs. E. J. Chavis versus Mrs. Martha H. Trimble et al. She obtained a temporary restraining order and an order on Mrs. Trimble to show cause why it should not be made permanent. On hearing the order to show cause was recalled and the temporary restraining order dissolved. Thereafter the case was tried on the merits and judgment rendered rejecting Mrs. Chavis' demands. From that judgment Mrs. Chavis appealed to this court, the appeal being No. 2749 on the docket of this court. This court, in a judgment this day rendered (Chavis vs. Trimble, — La. App. —, 124 So. 703) affirmed the judgment of the district court.

The trial judge, the jury, and the Supreme Court all were of the opinion that plaintiff had failed to prove that the note and mortgage were forgeries. After carefully examining the record we are of the same mind.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed.