REID, Judge.
This case involves the question of whether or not a lien for materials furnished by the defendant, Greely Plumbing Company, Inc. primes a recorded collateral mortgage which was assigned to the plaintiff, Brown Brokerage Company, Inc. The District Court rendered judgment for the defendant. Plaintiff perfected a suspen-sive appeal to the Supreme Court of Louisiana from this adverse judgment.
Due to the recent change in appellate jurisdiction, this case has been transferred to the Court of Appeal, First Circuit. Briefly stated, the facts which are uncontested on appeal are as follows:
Mr. Lloyd Elmer Reisner, a contractor, purchased a certain lot on Molly Lea Drive in East Baton Rouge Parish on December 5, 1956. At the same time he executed a promissory note which was identified with a collateral mortgage, said note and mortgage being in the principal sum of $17,500.00. The deed and the mortgage were both recorded at 9:30 A.M., December 6, 1956. This collateral mortgage and note were executed for the purpose of obtaining cash advances, materials and labor from Olinde Hardware & Supply Company, Inc. Pursuant to its agreement with Mr. Reisner, certain materials were delivered to Mr. Reisner’s property at approximately 9:30 A.M., December 7, 1956, and from time thereafter until a total of $18,395.16 in cash, materials and labor were advanced or supplied to Mr. Reisner. Several days after this delivery, the defendant supplied its first materials and labor to the construction of Mr. Reis-ner’s home.
Olinde Hardware & Supply Company, Inc. negotiated the collateral mortgage note which it held to its holding company, Brown Brokerage Company, Inc. Mr. Reisner was unable to meet his obligations and on July 31, 1957, the plaintiff herein foreclosed on the collateral mortgage on Reisner’s home. The home was sold to the highest bidder, Brown Brokerage Company, for $1,000.00 on October 23, 1957. The costs of the sheriff’s sale were $123.85 leaving a balance of $876.15 which the sheriff credited to the writ.
All of the liens which stood against the property in question were either can-celled by the sheriff at the time of the public sale, or were subsequently cancelled with the exception of the lien of the defendant herein dated May 6, 1957. The lien is a mixed lien for materials and labor in the sum of $3,716.00, together with interest at 5% per annum from May 1, 1957, until paid and it is recorded in MOB 133 Folio 59 of the mortgage .records of East Baton Rouge Parish.
There was no contract recorded in connection with the construction of the Reis-ner home. Therefore, the statutes which would be controlling in this instance is LSA-R.S. 9:4801, and LSA-R.S. 9:4812, which contain the following pertinent provisions :
LSA-R.S. 9:4801A. “Privilege on immovables for labor and materials; rank
“A. Every contractor, sub-contractor, architect, engineer, master-mechanic, mechanic, artman, truckman, workman, laborer, or furnisher of material, machinery, or fixtures, who performs work or furnishes material for the erection, construction, repair, or improvement of immovable property, or who furnishes material or supplies for use in machines used in or in connection with the erection, construction, repair or improvement of any building, structure or other immovable property, with the consent or at the request of the owner thereof, or his authoritzed agent, or representative, or of any person with whom the owner has contracted for such work, has a privilege for the payment in principal and interest of such work or labor performed, or materials, machinery, or fixtures furnished, and the cost of recording such privileges, upon *553 the land and improvements on which the work or labor has been done, or materials, machinery or fixtures furnished, which privilege, if evidenced as herein provided, is superior to all other claims against the land and improvements except taxes and local assessments for public improvements or a bona fide * * * mortgage, provided said mortgage or vendor’s privilege exists and is recorded before the work or labor is begun or any material is furnished. The claim for wages of a laborer, for the work actually performed by him on any building, when properly presented and recorded by him, creates a privilege on the land and improvements, which primes the rights of mortgagees or vendors.
ifc ije sfc
“C. When a mortgage note has been executed by the owner of the immovable for the purpose of securing advances to be made in the future, and the mortgage has been recorded and the note delivered to the lender before any work or labor has begun or material been furnished, or before the recordation of a building contract, the amount of the advances made thereafter shall be deemed secured by the mortgage in precedence to and with priority over any of the claims had under the privileges conferred by Sub-Section A of this Section, except as stated in Sub Section D hereof.”
LSA-R.S. 9:4812. “Failure to record contract; record by claimant; period of privilege; rank
“When the owner, or his authorized agent, undertakes the work of construction, improvements, repair, erection, or reconstruction, for the account of the owner, for which no contract has been entered into, or when a contract has been entered into but has not been recorded, as and when required, then any person furnishing service or material or performing any labor on the said building or other work may" record in the office of the clerk of court of recorder of mortgages in the: parish in which the said work is being done or has been done, a copy of his estimate or an affidavit of his claim or any other writing evidencing same, which .recordation, if done within sixty days after the date of the last delivery of all material upon the said property or the last performance of all services or labor upon the same, by the said furnisher of material or the said laborer, shall create a privilege upon the building or other structure and upon the land upon which it is situated, in favor of any such person who shall have performed service or labor or delivered material in connection with the said work or improvement, as his interest may appear.
* * * * * *
“The said privilege shall be superior to all other claims against the land and improvements except taxes, local assessments for public improvements, a bona fide mortgage, or a bona fide vendor’s privilege, whether arising from a sale or arising from a sale and .resale to and from a regularly organized homestead or building and loan association, if the vendor’s privilege or mortgage exists and has been duly recorded before the work or labor is begun or any material is furnished. The wages of a laborer for work done by him on any building, shall, when properly presented and recorded by him in accordance with the provisions of this Sub-part, create in his favor a privilege on the land and improvements which will prime the right of mortgagees or vendors.” (emphasis ours)
The District Judge made the following cogent observations concerning the pertinent aspects of a leading case in point:
“In the case of Hortman-Salman [Salmen] Co. v. White [168 La. 1067], *554 123 So. 709, it is specifically judicially decreed that a furnisher of labor and materials is granted a lien which is superior to that of a mortgage unless the mortgage was recorded prior to the furnishing of any material or the performance of any labor on the job, and the burden of proof rests upon the mortgage holder of showing that the mortgage was so recorded prior to the furnishing of material or labor on the job.”
Certain work was done by Mr. Reisner and his employees in connection with the construction of a home which Mr. Reisner intended to use for his personal residence prior to December 5, 1959. It was proven that the forms needed to hold the concrete foundation were laid prior to this date. The fact that Reisner had borrowed lumber and placed it upon the premises before he acquired title is also undisputed.
Counsel for plaintiff strongly urges that prior to the time Reisner owned the lot that any work done by Reisner in connection with the construction of the home and any materials brought to the lot by Reisner could not usually affect a mortgage recorded after Reisner acquired ownership of the lot. It is contended that this type of construction and this type of delivery would not affect the mortgage executed simultaneously with the deed by which Reisner acquired title to the lot in question, and recorded at the same time as the deed. One exception to this general proposition is noted. This exception is that if delivery of materials or work is made with the owner’s consent or authorization, then either could subordinate a subsequently recorded mortgage to labor liens and materialmen’s liens in connection with the construction. These observations seem persuasive and logical in light of the clear provisions of the pertinent statutes and rules evolved in similar cases. Yellow Pine Lumber Co. v. Maniscalco, La.App., 9 So.2d 320, and Jackson Homestead Association v. Zimmer, 16 La.App. 647, 134 So. 126. Due to the undisputed facts herein, this aspect of the case at bar is not felt to be a vital issue in this case. Therefore, this will not be ruled upon. The controlling issue in this case is felt to be based upon the fact of delivery or supply of needed materials while Reisner was the owner of the lot, but before the collateral mortgage in question was recorded.
As set forth above, the record clearly shows that lumber borrowed from Mr. Randall, which was later repaid with new lumber, was supplied to Reisner and was on Reisner’s lot from the time he obtained title to the lot until' after the mortgage in question was recorded. Plaintiff claims that delivery by a third party is of the essence. However, the language of the pertinent statutes merely requires that the materials be supplied, which does not necessarily include delivery to the lot by a third person.
It is not seriously urged that this material was not necessary for the construction of the home. The express provisions of the statute are significant. LSA-R.S. 9 :- 4801 provides in part that “Every * * * furnisher of material * * * for the erection, construction * * * of immovable property * * * with the consent or at the request of the owner * * his authorized agent or representative, or of any person with whom the owner has contracted for such work,” has a privilege upon the immovable. LSA-R.S. 9:4812 similarly provides that “any person furnishing * * * material * * * on the said buildings” has a privilege on the immovable.
This statute also provides that this privilege is “superior to all other claims * * except * * * a bona fide mortgage * * * if the * * * mortgage exists and has been duly recorded before * * * any material is furnished.”
In this case materials were furnished and on the lot to be used for constructing the home while Reisner was owner of the lot but before the mortgage was re *555 corded. It is also felt that the materials necessary to construct the form in which the concrete foundation of the home was poured were materials necessary for the construction of the home within the in-tendment of the statute.
For the reasons stated, it is found that plaintiff’s mortgage has been subordinated to defendant’s lien. Accordingly, the judgment of the trial court is affirmed.
Affirmed.