## No. 5725.

### ELVIRA HORTON AND HUSBAND VS. W. C. CUTLER.

The testimony shows satisfactorily that the plaintiff has held continuously the note upon which the mortgage was predicated, and the same on which she proceeded *via executiva;* it is also clear that she was not a party to the proceeding by which it is pretended that said mortgage was erased, and that she knew nothing of it.

The mortgage contains the pact *de non alienando,* which enables the holder of the mortgage to proceed against the property into whose hands soever it may have passed, unless by some act or admission she has lost her right to this remedy.

There is no force in the intervenor's plea that such an admission or estoppel results from a certain suit instituted in the Second District Court by the plaintiff in the matter of the succession of Scott. The case, it seems, was tried and decided against the plaintiff, a new trial was granted, the suit was discontinued, and the present one brought. There was then nothing like an admission of any sort made, or act done, which barred the right of the plaintiff to proceed now in the manner in which she has proceeded.

As to the judgment decreeing the erasure of plaintiff's mortgage, it was obtained through fraudulent means, and is therefore without effect. The plaintiff's rights were not compromised by these proceedings, which were, as to her, *res inter alios acta.*

That the intervenor should be protected as an innocent third purchaser who was shielded by the mortgage certificate at the time he purchased can scarcely be conceded, where, as in this case, the effect of the protection would be to destroy the rights of the holder of the mortgage, who was entirely innocent of all participation in the acts which exposed the intervenor to loss and injury.

It has been frequently held that a mortgage certificate is only *prima facie* evidence of the facts stated in it. The mortgagee may show that the mortgage certificate is untrue; that the recorder acted on insufficient evidence; or, in case of erasure by judgment, that he was not a party to the action brought or proceedings instituted to cancel his mortgage. In such cases the mortgage exists unimpaired, even against the innocent vendee who has bought on the faith of a certificate that there was no mortgage on the property.

Not only were the proceedings in the Second District Court to erase the plaintiff's mortgage not binding on her, because she was not a party thereto, but, furthermore, that court was without jurisdiction to adjudicate upon her rights, it being a court of merely probate jurisdiction.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier,* J. *E. D. White,* for plaintiffs and appellees. *W. B. Koontz* and *James Lingan,* for the third opponent and appellant.

TALIAFERRO, J. This is a proceeding *via executiva* to enforce the payment of a note for forty-eight hundred and fifty dollars with interest,

secured by special mortgage on certain property in the city of New Orleans. The act of mortgage contains the clause *de non alienando*. The defendant being absent, a curator was appointed to represent him. Otto Thoman, the intervenor, enjoined the execution of the process on several grounds:

First—That he is the *bona fide* owner of the property upon which the mortgage was sought to be enforced, having bought it from G. Marks, by act before A. Pitot, notary, on the twelfth of April, 1873, to which act was annexed a certificate of the recorder of mortgages showing there were no mortgages against the property.

Second—That the note sued on had been legally compensated, the mortgage securing the same canceled, and its inscription erased prior to his purchase under a decree of the Second District Court for the parish of Orleans, validly rendered in the matter of the succession of G. H. Scott.

Third—That the effect of the erasure was that the property passed to him unincumbered.

Fourth—That plaintiffs by judicial admissions made in a suit by them instituted in the Second District Court under No. 36,552 of the docket were estopped from proceeding to enforce their pretended mortgage by executory process, and must exercise their rights, if they have any, by the hypothecary action.

Fifth—That plaintiffs were not *bona fide* owners and holders of the note sued on.

To this intervention a general denial was pleaded by the original plaintiffs, with a prayer only for the dissolution of the injunction with damages.

The issue thus made was tried and the injunction was dissolved without damages, and the intervenor appealed. In this court he pleads the prescription of one year in bar of the plaintiff's suit. The controversy in this case is between the plaintiff and the intervenor.

It appears that on the eighteenth of January, 1868, Wyatt C. Cutler borrowed of Mrs. Elvira Lamb, widow of George H. Scott, the sum of $4850, for the payment of which he gave the note sued and secured its payment by mortgage on the property now claimed by intervenor as having been purchased by him free from incumbrance. In July, 1872, Cutler filed in the Second District Court an application to administer the estate of George H. Scott, deceased. His application was opposed by the public administrator, who obtained the administration. An inventory was made, and Cutler declared at the making of it that "to his personal knowledge the deceased left a sum of from five to six thousand dollars; that a part of that sum, $4850, was invested in a mortgage granted by him in favor of Laura Lamb, widow of George H. Scott, by

act before the recorder of Jefferson, dated tenth January, 1868." Upon this declaration the appraisers valued the mortgage at $4850. Cutler subsequently took a rule against the administrator to show cause why he should not be recognized as a creditor of the estate in the sum of $4871 64. The rule was made absolute, and Cutler recognized as a creditor of the estate for $3153 87, with interest. The next step taken by Cutler was by rule upon the public administrator and the recorder of mortgages, in which he alleged that being a creditor of the succession of Scott in the sum of $3225 81, and being indebted to the succession in the sum of $4872 86 secured by mortgage, the two amounts were *pro tanto* compensable; that he had paid to the administrator the sum of $1647 05, the difference between the said amounts, and therefore that the mortgage against his property should be canceled. The service of this rule was accepted by both the recorder and the administrator. It was made absolute, and a decree rendered and signed directing the erasure of the inscription of the mortgage.

The hinge upon which this controversy will turn is the determining the character of this proceeding and settling upon its legal effect.

The testimony shows satisfactorily that the plaintiff has held continuously the note upon which the mortgage was predicated and the same on which she proceeded *via executiva*. It is also clear that she was not a party to the proceeding by which it is held the mortgage was erased, and that she knew nothing of it. She produces a number of Cutler's letters in which he treats with her as the holder of the note, remits her the interest—some of the letters having been written and one of the payments of interest having been made after he had procured the order of erasure from the Second District Court. She shows clearly how she obtained the money she loaned to Cutler, when she got it, and by what means.

The intervenor contends that the property having been acquired by him, he should have been proceeded against. But the mortgage contains the pact *de non alienando*, which enables the holder of the mortgage to proceed against the property into whose hands soever it may have passed, unless by some act or admission he has lost his right to the remedy. And here on the part of the intervenor it is contended that such admission or estoppel results from a certain suit instituted in the Second District Court by the plaintiff against Scott's succession and Cutler to have " the seeming decree of the fifteenth of October, 1872, recognized as absolutely null and void *ab initio*. The case, it seems, was tried and decided against the plaintiff, a new trial granted, when the suit was discontinued and the present suit brought. The question seems to be, was the mortgage legally erased? We think it was not. There was beyond doubt fraud practiced in procuring the pretended erasure. The facts

before adverted to make it clear. There is nothing in the proceeding taken in the Second District Court by the plaintiff that in any way recognized a third owner of the property or in any manner recognized the illegal decree of erasure. There was then nothing like an admission of any sort made or act done which barred the right of the plaintiff to proceed in the manner in which she has proceeded. Fraud vitiates every thing with which it is commingled. The judgment decreeing the erasure of the mortgage, being concocted and obtained through fraudulent means was without effect. The plaintiff's rights were not compromitted by those proceedings, which were as to her *res inter alios acta*. That the intervenor must be protected as an innocent third purchaser, shielded by the mortgage certificate at the time he purchased, can scarcely be conceded, whereas in this case the effect of the protection would be to destroy the rights of a party on the property acquired and held in good faith, and who was entirely innocent of all participation in the acts which exposed the intervenor to loss and injury. A mortgage certificate, it has been frequently held, is only *prima facie* evidence of the facts stated in it. 20 An. 424, and authorities there cited: "The mortgagee," it is there said, "may show that the mortgage certificate is untrue, that the recorder acted on insufficient evidence, or in case of erasure by judgment, that he was not a party to the action brought or proceedings instituted to cancel his mortgage. In such cases we think the mortgage exists unimpaired even against the innocent vendee who has bought on the faith of a certificate that there was no mortgage on the property. In this opinion, as to the effect of an illegal or unauthorized erasure, we fully concur."

We come to the conclusion that the decree of the district court was properly rendered.

Judgment affirmed.

---

### ON REHEARING.

WYLY, J. After re-argument of this case, and on further consideration thereof, we have concluded that our first judgment herein was correct.

The proceeding in the Second District Court to erase the mortgage owned by plaintiff was not binding on her, because she was not a party; furthermore, that court was without jurisdiction to adjudicate upon her rights, it being a court of merely probate jurisdiction. The wrongful erasure of plaintiff's mortgage did not impair her rights.

It is therefore ordered that our former judgment herein remain undisturbed.