BRUNOT, Justice.
 

 This is an appeal, by the defendant, from a judgment making an alternative writ of mandamus peremptory, but,taxing the relator with the costs of court.
 

 The judgment commands the defendant to reinstate on the mortgage books of the parish of Orleans, as of the date of its cancellation, a certain mortgage executed by Mrs. Fannie Mistich and her husband, Joseph Seminary, in favor of Miss Eloise Bennett, dated May 20, 1930, and recorded in Mortgage Book 1425, on May 21, 1930, with the same rank and position it had on December 19, 1931, the date of its cancellation.
 

 The respondent, W. P. Hickey, recorder of mortgages, filed exceptions of nonjoinder of parties defendant, and no cause of action, and his answer to the relator’s petition puts all of the material averments thereof at issue. It does not appear that the respondent’s exceptions were disposed of, except inferentially. The only minute entry in the transcript appears on page 15 thereof, and it notes only the rendition and signing of the judgment. The reasons for judgment are brief, and we think it advisable to quote therefrom the following:
 

 “There was in this case a genuine act of conventional mortgage, the lien being represented by three notes, one for the sum of $1,083.59, and two for the sum of $1,083.-58 each. The relator within a very few days after the confection of this paper and long before its maturity, in good faith and for value, became the owner of the two notes described in his petition. F. D. Charbonnet, Jr., a notary public, appointed, commissioned and qualified in and for the parish of Orleans, executed an absolute fraudulent release, in which he had a young lady in his office appear and declare herself the last owner and holder of the notes and that they were paid and discharged and to consent on her surrender of the notes to the notary of his defacement and cancellation thereof and the annexation thereof to his act of release, to give his certificate to the recorder of mortgages, under which the recorder of mortgages was obliged to cancel the inscription. On the face of the certified copy the recorder of mortgages was obliged to cancel the inscription, and the record in this matter is as clean as a hound’s tooth. No fault or negligence of' any nature or kind can be charged to the recorder of mortgages.
 

 
 *713
 
 “This mandamus is brought showing" the facts which I have related and asks that the canceled inscription be reinscribed as of the date of the original inscription. That, in my opinion, the relator is entitled to. If any one has been injured by this cancellation, it is not the relator, but it is any one who has dealt on the faith of the certificate of Char-bonnet, the rascally, scoundrelly aforesaid notary public. It is my opinion that the loss, if any, will have to fall on the subsequent acquirers of the property or those that dealt with it thereafter on the faith it was clear of mortgages or encumbrances.”
 

 Our reading of the record has convinced us that respondent’s exception of nonjoinder of parties defendant should have been maintained, and therefore we refrain from expressing any opinion on the merits of the case, especially with respect to the acquisition of real estate, or real rights thereon, on the faith of the public record.
 

 We may be pardoned for noting here that the cancellation of a mortgage without the presentation of the notes identified with the act of mortgage, or proper proof of the loss or destruction thereof, would not be possible, under the laws of this state, in any parish except the parish of Orleans. It is possible in Orleans, because under the law, the recorder of mortgages has no alternative, but must accept the certified copies of notary’s public, of that parish, as authentic.
 

 The record in this case discloses that after the Mistich-Seminary mortgage was canceled on a fraudulent certified copy executed by F. D. Charbonnet, Jr., notary public, the title owners sold to other parties, and a certain third party acquired the vendor’s lien notes that were executed by the vendee as a part of the purchase price thereof. Under these circumstances, it is our opinion that the owner of the property, the vendee of the property, and the holder of the vendor’s notes were necessary parties defendant in this proceeding. Their rights cannot be determined or divested in a proceeding in which the recorder of mortgages alone is made the defendant.
 

 For the reasons stated, the exception of nonjoinder is maintained, and this suit is dismissed, at relator’s cost, without prejudice to his right to institute and prosecute a suit in accordance with the views we have expressed.