**CAUMONT v. HICKEY, Recorder of Mortgages, et al.***

**No. 16234.**

Court of Appeal of Louisiana. Orleans.

Feb. 10, 1936.

Benjamin Y. Wolf, of New Orleans, for appellant Recorder of Mortgages.

Louis E. Jung, of New Orleans, for appellant Jos. H. Dellande.

Ernest J. Robin, of New Orleans, for appellee.

JANVIER, Judge.

Relator, Baptiste Caumont, alleging that he is the holder and owner of a certain note made and subscribed by Joseph H. Dellande and that the said note is secured by mortgage which was duly recorded in the mortgage records of the parish of Orleans and that the inscription of the said mortgage "has been unlawfully and illegally cancelled and erased from the records of the Mortgage Office," prays that an alternative writ of mandamus issue commanding the recorder of mortgages for the said parish "to put back and reinstate on the books and records of his office" the said inscription of the said mortgage.

It is alleged that the note held by relator is dated August 13, 1926, and that it was paraphed on that day for identification with an act of mortgage passed before Francis D. Charbonnet, at that time a notary public in and for the Parish of Orleans, and that on August 14, 1926, the said act of mortgage was duly recorded in the mortgage records of the parish; that on May 3, 1930, while the said note was in relator's possession, unpaid and uncanceled, the said Charbonnet, notary public, executed a notarial act of cancellation in which it was declared that one Eloise Bennett, now the wife of Gordon Burr Renaud, as the last holder and owner of the said note, had produced it, had stated that it had been paid in full, and had authorized the erasure of the inscription of the said mortgage.

Relator also alleges that the said act of cancellation was and is fraudulent and that the recorder of mortgages should not have erased the said inscription from the records of his office. Relator also prays that the said notary public and the said Mrs.

E. Bennett Reynaud "be notified of this proceeding."

Respondent, recorder of mortgages, filed an exception of nonjoinder of parties defendant and also an exception of no cause of action and an answer in which he did not deny the allegations of fact contained in relator's petition, but in which he averred that in erasing the inscription of the said mortgage he had acted lawfully and in accordance with the provisions of article 3374 of the Revised Civil Code of Louisiana in that his action was provoked by a certificate issued by a duly qualified notary public in and for the parish of Orleans. In the said answer he again contended that certain necessary persons had not been made parties defendant, averring that the property involved "has either been sold or mortgaged since the said cancellation" and that there should be made parties "the present holders of the property and the present holders of any notes that may be out on said property."

In the court below the exception of nonjoinder of parties defendant was considered, and it became evident from the attitude of the trial judge that this exception would be maintained, though we do not find from the record that any definite action was had thereon. That such persons as are referred to are necessary parties defendant in an action of this kind has since been definitely decided by the Supreme Court in Glaser v. Hickey, 183 La. 710, 164 So. 635, 636.

At this stage in the proceedings relator, by supplemental petition, alleged that on May 3, 1930, the day on which the said act of cancellation was passed, the said Dellande remained the owner of the said property, and that on that day the said Dellande had appeared before the said Charbonnet, notary, and had mortgaged the said property to secure two notes, one of which was alleged to have been held by Mrs. Elizabeth Walsh Roth and the other of which was alleged to have been held by Henry Zimmer. In the prayer attached to the supplemental petition, relator, Caumont, prayed that the said Dellande, the owner of the property, and that the said holders of the two notes be made parties defendant.

In a further supplemental petition relator averred that the Rex Credit Company appeared on the mortgage records of the parish of Orleans as a judgment creditor

of the said owner, Dellande, and it prayed that the said Rex Credit Company be also made party defendant.

We do not notice in the record that any action was had on the exception of no cause of action but the several defendants interposed various defenses, among which we find the contention that mandamus will not lie in a case of this kind to compel a recorder of mortgages to erase the cancellation of a mortgage, provided the cancellation was made by the said recorder after the receipt by him of legal authority to cancel such inscription.

After a trial on the merits, there was judgment for relator directing the recorder of mortgages "to annul the inscription of cancellation" and declaring that "the said annulment shall restore said mortgage as of full force and effect as of its date of recordation." From this judgment the recorder of mortgages as well as Dellande, the owner, and Mrs. Roth and Henry Zimmer, the holders of the other two notes, have appealed.

■■ We note at the outset that we are not concerned with the ranking of the mortgages nor with the question of whether or not the rights of the relator as against Dellande have been affected by the cancellation; the only questions which are actually presented for determination being whether or not the recorder of mortgages acted lawfully and as he was bound to do when he erased from the records of his office the inscription of the mortgage as it appeared in M.O.B. 1342, Folio 267, and whether, after such action, there is a clear ministerial duty in such recorder to erase such a cancellation if it is shown that the notarial act of cancellation was fraudulent.

Although the Supreme Court, in Glaser v. Hickey, supra, stated that it found it unnecessary to pass upon the question of whether or not mandamus will lie in a matter of this kind—and that case on the merits will present exactly the question which now confronts us—still we notice language in the opinion of that case which indicates clearly its view that, when the notary public who had executed the fraudulent act of cancellation presented to the recorder of mortgages for the parish of Orleans a certified copy of that act of cancellation, the recorder had no alternative and was absolutely required by law (R.C. C. art. 3374) to effect the erasure of the mortgage from his records. The language

of the Glaser Case, to which we refer and which indicates that in the view of the Supreme Court the recorder was under the bounden duty of effecting the cancellation, is the following:

"We may be pardoned for noting here that the cancellation of a mortgage without the presentation of the notes identified with the act of mortgage, or proper proof of the loss or destruction thereof, would not be possible, under the laws of this state, in any parish except the parish of Orleans. It is possible in Orleans, because under the law, the recorder of mortgages has no alternative, but must accept the certified copies of notary's public, of that parish, as authentic."

We also note the following:

"On the face of the certified copy the recorder of mortgages was obliged to cancel the inscription, and the record in this matter is as clean as a hound's tooth. No fault or negligence of any nature or kind can be charged to the recorder of mortgages."

Since article 3374, R.C.C., provides that the notary may present to the recorder of mortgages a certificate of cancellation, we do not see that the instant case can be distinguished from the Glaser Case on the ground that here a certificate was presented to the recorder, whereas in the Glaser Case it seems that a certified copy of the notarial act was sent to him.

After reading article 3374 of the Revised Civil Code together with the language quoted from the Glaser Case, we conclude that there is no doubt that when the notary, on May 3, 1930, presented to the recorder a certificate declaring that the mortgage had been canceled, the recorder was under the plain ministerial duty to erase the inscription. He could not refuse to do so. Had he refused he could have been compelled by mandamus to comply with the plain requirements of the Code.

How, then, can it be now contended that he is under the plain ministerial duty to undo what he did under the compelling force of law? How can he be compelled now to litigate the question of whether the note of relator is prescribed, or whether it was produced and canceled at the time of the execution of the act of cancellation, or whether it should be considered paid by reason of the fact that the notary, who may have received payments from the maker of the note, was the agent of the

owner of the note? How can the recorder of mortgages be compelled to litigate the question of whether the present suit constitutes lis pendens by reason of the fact that these various questions have been presented in another suit by the holder of the note (the present relator) in which he has proceeded via ordinaria against Dellande? All of these questions will be determined in the litigation which is still pending and to which we have just referred.

In reaching the conclusion that mandamus will not lie to compel the erasure of the cancellation, we are comforted by the belief that the relator's rights under his mortgage and under the original recordation thereof have not been affected by that erasure if it shall later be made to appear in proper litigation that that erasure resulted from a fraudulent act of cancellation. That such a fraudulent cancellation is ineffective so far as the rights of the holder of the mortgage are concerned has been many times held. Salisbury v. Conner, 7 Orleans App. 276, Robinson v. Fidelity & Deposit Co. of Maryland, 8 Orleans App. 317, and particularly in Gallagher v. Conner, 138 La. 633, 70 So. 539, 542.

In the Gallagher Case the Supreme Court discussed the effect of fraudulent cancellations which had been manipulated exactly as relator charges was done here. It was contended that third persons who had purchased on the faith of clear public records, and that purchasers of subsequent mortgage notes who also had acted on the faith of these clear public records, should have rights superior to those of the holders of the mortgages which had been cancelled. The court said:

"The answer to that contention is that the cancellations were made fraudulently, without the consent of the mortgagees; and therefore can have no effect. Macarty v. Landreaux, 8 Rob. 130; De St. Romes v. Blanc, 20 La.Ann. 424, 96 Am.Dec. 415; Horton v. Cutler, 28 La.Ann. 331; Mechanics' Building Ass'n v. Ferguson, 29 La.Ann. 548; Levy v. Desposito, 133 La. 126, 62 So. 599. In all these cases, except the first, the mortgages had been fraudulently canceled, and third persons had acquired the property in good faith, relying, like the defendants, upon a clear record."

That the rights of those mortgage holders had not been prejudiced by the fraudulent cancellation of their mortgages is made all the more clear by the following language:

"Nothing can be plainer than that their rights are perfect, except, of course, that the several mortgages must take rank in the order in which they were created and recorded."

But this is a matter which will necessarily be considered if and when Caumont obtains his judgment via ordinaria in the proceeding which has already been instituted and attempts to execute by seizing the property which is involved.

At the present time we find it necessary to hold only that mandamus will not lie to compel the recorder of mortgages to erase the cancellation of a mortgage if, in effecting the cancellation, he has performed his clear ministerial duty.

The judgment appealed from is annulled, avoided, and reversed, the exception of no cause of action is sustained, the alternative writ of mandamus is recalled and annulled, and relator's suit is dismissed, at his cost.

Reversed.