ELLIS, Judge.
This is a proceeding in which relator is seeking a judgment commanding Norman P. Vernon, Clerk of Court and Ex Officio Recorder of Mortgages for the Parish of Tangipahoa, to file and record a partial release and erase and cancel a mortgage in accordance therewith.
Mrs. Rosa Wright had mortgaged a tract of land to the Federal Land Bank of New Orleans as shown by records in Amortization Book 10, Folio 437, of the records of Tangipahoa Parish, Louisiana, and thereafter, on September 14, 1951 she sold to Charles Alton Bornes a lot 100 feet front by 330 feet in depth between parallel lines *19 and which said lot was included in the tract of land previously mortgaged to the Federal Land Bank. On the 8th day of October, 1951 the Federal Land Bank through its Vice President by private act duly acknowledged before Harold Moses, a Notary Public for the Parish of Orleans, executed an alleged partial release of the mortgage insofar as the lot sold to Charles Alton Bornes was concerned.
The defendant clerk and ex officio recorded of mortgages refused to honor the purported partial release by cancelling and erasing the mortgage in favor of the Federal Land Bank insofar as the property of Charles Alton Bornes was concerned. As a result the present mandamus proceeding by rule was instituted, to which the defendant recorded filed an exception of non-joinder on the ground that the Federal Land Bank of New Orleans should have been made a party to the proceeding. This exception was sustained by judgment of the District Court and an appeal was duly taken.
On the day that this case was argued and submitted to this Court, counsel for the defendant recorder filed an exception of no right or cause of action and' in argument abandoned the exception of nonjoinder and it will, therefore, not be considered.
The exception of no cause of action is based upon the insufficiency of the alleged partial release of the Federal Land Bank of New Orleans in that it fails to show or to state that the note identified with the act of mortgage was produced by the holder and paraphed by the notary for identification with the partial release. In other words, the clerk and recorder contends that neither he nor his bondsman would be protected should he accept the release which contains no statement or certificate by a notary public showing that the note in question had been produced by the holder thereof and paraphed for identification with the partial release. It is readily admitted by the Federal Land Bank that no paraph was made on the note and it is vigorously asserted that none was necessary.
The law controlling the question presented is contained in Articles 3371 through 3385, inclusive, of the LSA-Civil Code, and the jurisprudence thereunder. It might be well in the beginning to remember that in the Parish of Orleans the various notaries public are the custodians of all original acts executed by them, whereas in the so-called country parishes, or parishes outside of Orleans, the clerks of court, who are also the ex officio recorders of mortgages, are the custodians of all original notarial acts. See Darts La.Gen.St. 6328:7, page 669, LSA-R.S. 35:329.
The basis of the erasure of mortgages, partial or in full, is set forth in Article 3371 of the LSA-Civil Code as follows:
“Inscriptions of mortgages and privileges are erased by the consent of the parties interested and having capacity for that purpose; this consent to be evidenced by a release, or by a receipt given on the records of the court rendering the judgment on which the mortgage is founded.”
The full and complete cancellation of a mortgage outside the Parish of Orleans can only be obtained by bringing the original notes to the clerk and ex officio recorder of mortgages, or if the notes are lost such proof must be furnished. However, we are dealing with an alleged partial release.
Under the remaining articles dealing with the erasure of mortgages, the consent of the parties interested and having capacity for that purpose is to be evidenced by a release which, if it is a partial release, may be done by the production of the notes before the clerk and ex officio recorder by the proper parties where the notes can be paraphed and identified with the act of partial release as shown on the mortgage record, or a partial release could be executed before a notary public or by private act duly acknowledged.
 The release in question is fatally defective on its face and fully justified the clerk and recorder in refusing, to accept it as a valid partial release. It states in part: “Know all men by these presents that whereas the Federal Land Bank of New Orleans is the present owner of a certain promissory mortgage note * * *20 (Emphasis added.) No where in this act of partial release does the Federal Land Bank of New Orleans state that it is the present holder of the note in question. One may be the owner and not the holder of the note. For example, the mortgagee and owner- of the note may have it pledged. One of the parties vitally interested and having capacity to consent to a partial release of a mortgage is the holder of the note. It has been consistently held under Articles 3371 and 3372 of the LSA-Civil Code that a mortgage or lien can be can-celled only with the consent of the holder of the mortgage or mortgage note or notes, or by virtue of a judgment rendered against him ordering the cancellation. Zimmer v. Fryer, 190 La. 814, 183 So. 166; People’s Homestead & Savings Ass’n v. Worley, 191 La. 453, 185 So. 880.
Article 3371 means that the holder of the note is one of the parties vitally necessary and interested and with the capacity to authorize the erasure or partial erasure of the mortgage. It is also clear that all the articles dealing with the erasure of .mortgages, partial or in full, intended that the release which was evidence of the consent of the parties interested and capable of authorizing the partial cancellation of a mortgage should be effective against the interested parties, viz., the holder of the note at the time of the execution of the partial release or any future holder of the note, and the only way in which this could be accomplished would be by the holder producing the note and having the notary public paraph the note for identification with the act of partial release and for the act of partial release to state that the holder of the note had produced same and it had been paraphed and identified with the partial release. When this is done, the clerk and ex officio recorder of mortgages and his surety are fully protected, and if the statement of the notary and the act of release is false, liability would fall on the notary and his surety and not upon the -clerk and ex officio recorder of mortgages or his surety. If the mortgage note contains no paraph or identification with the act of partial releasee, that is, does not show on its face that the mortgage has been released in part, the holder without notice would not be bound.
While the precise question apparently has not been passed upon, there are several cases throwing light upon the subject. In Glaser v. Hickey, 183 La. 710, 164 So. 635, 636, the .Supreme Court in dealing with a somewhat similar proceeding stated:
“We may be pardoned for noting here that the cancellation of a mortgage without the presentation of the notes identified with the act of mortgage, or proper proof of the loss or destruction thereof, would not be possible, under the laws of this state, in any parish except the parish of Orleans. It is possible in Orleans, because under the law, the recorder of mortgages has no alternative, but must accept the certified copies of notary’s public, of that parish, as authentic.”
In the above-cited case the fraudulent release executed by the notary public contained a statement that a young lady in his office declared herself the last owner and holder of the notes and that they were paid and discharged, and consented on her surrender of the note to the notary of his defacement and cancellation thereof and the annexation thereof to his act of release, ■ and the young lady, therefore, authorized him to give a certificate to the recorder of mortgages for the parish of Orleans. The Court held on the face of the certified copy furnished the recorder of mortgages he was obliged to cancel the inscription. Even though the release was fraudulent it contained a statement as to the last owner and holder of the notes and that they were paid and discharged and surrendered to the notary and defaced and cancelled by him and annexed to the act of release.
In the case of Caumont v. Hickey, La. App., 165 So. 488, 489, a suit was filed against the recorder of mortgages for the Parish of Orleans “to put back and reinstate on the books and records of his office” an inscription of a mortgage allegedly, unlawfully and illegally cancelled. This case came before the Court of Appeals for the Parish of Orleans, which based its decision *21 upon that of the Supreme Court in Glaser v. Hickey, supra, and particularly upon the quoted portion of the latter case.
It has been consistently held and is clearly stated in the case of Zimmer v. Fryer, supra, that [190 La. 814, 183 So. 167] :
“The doctrine that a person in good faith buying real estate, or acquiring a mortgage or lien on it, may rely upon the public records in determining the ownership of the property, and its freedom from mortgages or liens, does not protect one who, in good faith, buys real estate or acquires a mortgage on real estate on which a prior mortgage has been cancelled fraudulently or without the consent of the holder of the mortgage or of the mortgage note or notes. The [LSA-] Civil Code, in articles 3371 and 3372, declares that a mortgage or lien can be cancelled only with the consent of the holder of the mortgage or mortgage note or notes, or by virtue of a judgment rendered against him, ordering the cancellation. In Freeland v. Carmouche, 177 La. 395, 405, 406, 148 So. 658, 661, 662, the court reviewed the decisions on the subject, and said:
“ 'The rule seems arbitrary, but it is now well settled by the decisions of this court, that a cancellation of a mortgage by the recorder without the knowledge or consent of the holder of the negotiable mortgage note does not deprive him of his security, even with regard to a third party dealing with the property on his faith in the public record. Dreaux, Executor v. Ducournau, 5 Mart., O.S., 625; Lafarge v. Morgan, 11 Mart., O.S., 462, 527; Macarty v. Landreaux, 8 Rob. 130; Hennen v. Sewell, 8 Rob. 216; Delavigne v. Gaiennie, 11 Rob. 171, 173; De St. Romes v. Blanc, 20 La. Ann 424, 96 Am.Dec. 415; Horton v. Cutler, 28 La.Ann. 331; Mechanics' Building Association v. Ferguson, 29 La.Ann. 548, 550; Morris v. Cain’s Executors, 34 La.Ann. 657, 665; Levy v. Desposito, 133 La. 126, 62 So. 599; Gallagher v. Conner, 138 La. 633, 70 So. 539; Fisher v. Trimble, 161 La. 343, 108 So. 666.”
The following statement was also made in the Zimmer case, supra:
“The notary public who granted the release of the property from the mortgage had served as the agent of the holders of the mortgage notes in the collection of the interest on these and other mortgage notes; but he had no authority to grant a release of the mortgage. The granting of the release was not only done without the consent of the holders of the mortgage notes, but was done fraudulently. The notary public simply had his stenographer sign an instrument prepared by him, declaring that she, the stenographer, was the holder and owner of the mortgage notes, and that she granted the release, etc., when, as a matter of fact, the stenographer was neither the holder nor the owner of the mortgage notes. The notary public before whom the sale was made by Fryer to Caruso was not the notary public before whom the mortgage had been given by Fryer, and before whom the release was granted by the stenographer. The mortgage notes were not produced by the stenographer when she granted the release. It was incumbent upon Caruso or his attorney to have the mortgage notes produced and paraphed for identification with the release, zvhen the release was granted.” (Emphasis added.)
In the present case the clerk and ex officio recorder of mortgages is being asked to accept a document purporting to be a partial release executed by private act by the Federal Land Bank of New Orleans, duly acknowledged before a notary public, in which the only statement made concerning the note is to the effect that the Federal Land Bank is the owner of the note. No where in the purported act of release does the Federal Land Bank declare that it was the holder of the note, and no where in the purported act of partial release does it show that the holder of the note produced *22 the note so that it' could be paraphed and identified with the act of partial release which would be a binding consent by the owner and holder of the note and full notice to any future holder and owner of the note.
Accordingly, the judgment of the District Court sustaining the exception of non-joinder is reversed and it is ordered that there be judgment in favor of the defendant in rule sustaining the exception of no cause or right of action.