371 So.2d 803 (1979)
STATE of Louisiana
v.
Craig S. COCO.
No. 63638.
Supreme Court of Louisiana.
May 21, 1979.
*804 Miriam G. Waltzer, New Orleans, Samuel S. Dalton, Jefferson, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Gordon Konrad, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-respondent.
DENNIS, Justice.
A writ of certiorari was granted to evaluate whether the trial court correctly determined that defendant is competent to stand trial in light of defendant's contentions that the sanity commission appointed to examine him was not afforded an opportunity to thoroughly examine him and that the medical findings upon which the court based its ruling are inconclusive. Having reviewed the evidence, we have decided that the inconclusive testimony of the examining physicians does not justify a decision as to defendant's mental capacity to proceed at this time. Accordingly, we vacate the trial court's ruling and remand the case for a redetermination, after further testing, of defendant's competency to stand trial.
On October 13, 1978 Craig S. Coco was indicted for first degree murder. On November 28, 1978, during a motion to suppress hearing, his mental capacity to proceed was raised by the prosecuting attorney, and the court ordered a mental examination and appointed a sanity commission. After a contradictory hearing on November 28 and 29, 1978 the court determined that Coco had the mental capacity to proceed. The hearing was re-opened on December 5, 1978 on defendant's motion for the taking of additional medical evidence. At the conclusion of the hearing the trial court ordered that Coco be given medication to control his epileptic seizures and be attended during trial by a psychiatrist. The trial court also ordered that further medical tests be performed to confirm the medical *805 diagnosis and prescribed treatment. But the court did not modify its determination that Coco possesses the capacity to proceed.
In this Court defense counsel contend that the trial court erred by its failure to (1) vacate its determination that Coco has the mental capacity to proceed, and (2) determine that Coco lacks the capacity to proceed. Upon our review, we conclude that the trial court decided the issue of mental capacity prematurely and that additional evidence is required for a proper decision of this question.
A person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial. Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). See, La.C.Cr.P. art. 641 et seq. Mere weakness of mentality or subnormal intelligence does not of itself constitute legal insanity, State v. Morris, 340 So.2d 195 (La.1976); State v. Augustine, 252 La. 983, 215 So.2d 634 (1968), but when mental retardation, alone or in combination with a mental disease or defect, is so severe as to impair a defendant's capacity to understand the object, nature and consequences of the proceedings against him, to consult with counsel in a meaningful way, and to assist rationally in his defense, that defendant is, within the contemplation of our law, incompetent to stand trial. State v. Morris, supra; State v. Flores, 315 So.2d 772 (La. 1975); State v. Augustine, supra. Compare, Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).
Mental capacity to proceed is not present when the defendant, as a result of mental disease or defect, is unable to understand the proceedings against him or to assist in his defense. La.C.Cr.P. art. 641. However, this Court has consistently held that such incapacity must be shown by the defendant by a clear preponderance of the evidence. State v. Veal, 326 So.2d 329 (La. 1976); State v. Flores, 315 So.2d 772 (La. 1975). Although a trial judge's determination of capacity to stand trial is entitled to great weight, State v. Morris, 340 So.2d 195 (La.1976); State v. Flores, supra, the trial judge may not rely so greatly on the medical testimony that he abandons the ultimate decision on competency to the medical experts. State v. Bennett, 345 So.2d 1129 (La.1977).
In State v. Bennett, supra, 345 So.2d at 1138, we articulated several factors which the trial judge should consider while evaluating the defendant's ability to stand trial. Pertinent inquiries to determine whether the accused can understand the proceedings against him include: his awareness of the nature of the charge and his appreciation of its seriousness; his understanding of available defenses; his ability to distinguish between pleas of guilty and not guilty and the consequences of each; his awareness of legal rights; and his comprehension of the range of possible verdicts and of the consequences of conviction. In assessing the defendant's ability to assist in his defense, the trial judge should consider: the defendant's recall and relation of facts pertaining to his actions and whereabouts at certain times; his ability to assist counsel in locating and examining witnesses; his maintenance of a consistent defense; the defendant's ability to inform his attorney of any distortion or misstatements in the testimony of the other witnesses; his capacity to make simple decisions in response to well-explained alternatives; the defendant's ability to testify in his own defense; and whether his mental condition will deteriorate under the stress of trial. With these functional considerations in mind, we must evaluate the evidence put forward at the hearings and the trial judge's decision based upon it. See, State v. Lawrence, 368 So.2d 699, 701 (La.1979).
The sanity hearing evidence reflects that Craig S. Coco was at the time of the hearings a sixteen year old white male of low normal to mildly retarded intellectual development. The consensus of medical opinion was that Coco's retardation alone impairs but does not deprive him of the mental capacity to proceed. However, his *806 mental impairment is compounded by seizures which result from a rare form of temporal lobe epilepsy. Moreover, he habitually compensates for his perceived inadequacy and memory lapses with complaisance and dissembling. For example, he is apt to answer that he understands a question when he really does not, and he fabricates stores to fill voids in his memory caused by his epileptic seizures.
Because the hearings were held and the court's determination was made before the physicians had fully diagnosed Coco's condition, however, the record does not provide an adequate basis for predicting the probable consequences if Coco should suffer an epileptic seizure during trial.
The evidence is fairly clear on some points. Coco's seizures typically last no more than one and a half minutes, but the confusion and memory loss which result may endure for hours. The seizures are difficult to detect, even for an expert, because they usually are manifested only by lack of facial expression or a slight movement of the mouth. However, by close observation and periodic questioning, a psychiatrist probably can determine if Coco has had a seizure during trial.
But the evidence also reveals areas of significant uncertainty. The evidence is not clear, but it appears that additional blood tests are needed to rule out the possibility that Coco's seizures are caused by something other than epilepsy. If Coco's seizures are produced solely by temporal lobe epilepsy, his disorder can probably be controlled to some extent by medication. Since 5% of the patients to whom the medication has been administered experience aggravated seizures, however, it is essential that Coco's reaction to the medicine be determined first under clinical conditions. It is also necessary to determine how often Coco is apt to suffer a seizure under trial conditions and the length of time his awareness and memory are likely to be impaired during each episode, as well as the time which will be required to rehabilitate Coco after a seizure.
The defendant carries the burden of proving by a preponderance of the evidence his lack of mental capacity to proceed, but when, as here, the defendant is an indigent, and forced to rely upon the findings of a sanity commission appointed by the court to examine him, he has the right to demand that the examination be thorough and cannot be charged with the commission's failure to complete its task. State v. Bennett, 345 So.2d 1129, 1138 (La.1977).
In view of these unresolved questions, which are crucial to a determination of whether Coco will be able to understand the trial procedures and to assist counsel in his defense at a level of effective participation, see, State v. Bennett, supra, 345 So.2d at 1137, the trial court's determination that Coco has the mental capacity to proceed must be vacated and the case remanded for further clinical evaluation of the defendant and another contradictory hearing. It is so ordered.
VACATED AND REMANDED.
SUMMERS, C. J., dissents.
MARCUS and BLANCHE, JJ., dissent and assign reasons.
MARCUS, Justice (dissenting).
I do not agree that the trial judge erred in finding that defendant possesses the mental capacity to proceed at this time. Accordingly, I respectfully dissent.
BLANCHE, Justice, dissenting.
I dissent for the same reasons handed down by Justice Marcus in his dissent.