381 So.2d 439 (1980)
STATE of Louisiana
v.
Joe Edward WILLIAMS.
No. 65833.
Supreme Court of Louisiana.
March 3, 1980.
Rehearing Denied April 7, 1980.
Gilmer P. Hingle, Smith & Hingle, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Nancy F. Gilliland, Asst. Dist. Atty., for plaintiff-appellee.
*440 WATSON, Justice.[*]
Defendant, Joe Edward Williams, was convicted of simple burglary in violation of LSA-R.S. 14:62. Since the trial court erred in finding that defendant was able to understand the proceedings and assist counsel in his defense, the other issues presented by the appeal will not be considered.
Two psychiatrists, Dr. Merritt N. Dearman and Dr. John N. Richie, were appointed to a sanity commission to determine whether defendant had the capacity to stand trial. The evidence at the contradictory hearing was as follows:[1]
Dr. Richie concluded that Williams is moderately retarded, suffering from a severe speech disorder and hampered by an extremely primitive ability to cope. Williams cannot read or write, remember his address or his attorney's name. Dr. Richie found defendant incompetent because of an impaired ability to communicate; failure to comprehend the import of the charges against him; and lack of understanding of the legal system.
To Dr. Dearman, Williams, who has no employment history, appeared dull and apprehensive with a marked speech impediment. His judgmental capacity is impaired by an inability to concentrate and a limited education. Defendant Williams has no awareness of current events. He has a sparse fund of general knowledge illustrated by the fact that he does not know the name of the President of the United States. Dr. Dearman stated that Williams is intellectually deficient and mildly retarded, functions at the third grade level and has a low tolerance for stress. Dr. Dearman concluded that defendant's ability to aid his attorney is impaired.
Defendant has the burden of showing that he is incompetent within the meaning of LSA-C.Cr.P. art. 641:
"Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense."
The twofold test of mental capacity to stand trial under this article is: (1) whether the accused fully understands the consequences of the proceedings; and, (2) whether he has the ability to assist in his defense by consultation with counsel. State v. Weber, 364 So.2d 952 (La.,1978); State v. Yaun, 237 La. 186, 110 So.2d 573 (1959); Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). A defendant can be incompetent in this sense even though free of psychosis, oriented as to time and place and aware of his surroundings. State v. Bennett, 345 So.2d 1129 (La.,1977); Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). Being mentally retarded or of subnormal intelligence is not in itself proof of incapacity. State v. Lawrence, 368 So.2d 699 (La.,1979); State v. Morris, 340 So.2d 195 (La.,1976). However, when substandard mental ability combines with other problems to prevent a defendant from rationally assisting his counsel, a fair trial cannot proceed. State v. Coco, 371 So.2d 803 (La.,1979); State v. Augustine, 252 La. 983, 215 So.2d 634 (1968).
Where there is conflicting medical testimony, a trial judge's determination of defendant's capacity to stand trial is entitled to great weight. State v. Collins, 370 So.2d 533 (La.,1979). Here, however, the members of the sanity commission were substantially in accord. The defendant is mildly to moderately retarded and has a speech handicap which makes communication difficult. This handicap disables him both in advising counsel of facts pertinent to his defense and in testifying.[2] Dr. Dearman *441 concluded that defendant's ability to assist counsel would be "moderately impaired". Dr. Richie thought Williams incompetent because of inability to communicate and lack of understanding of the proceedings against him. The medical testimony is that defendant's ability to assist in his defense is significantly impaired by his mental condition in conjunction with his speech defect. There is no evidence of capacity to stand trial; the evidence is all to the contrary. The trial court erred in finding Williams competent. Defendant's conviction and sentence must be annulled and set aside, and the case remanded to the trial court for commitment in accordance with LSA-C.Cr.P. art. 648.

DECREE
For the reasons assigned, defendant's conviction and sentence are annulled and set aside, and the matter is remanded.
DENNIS, J., concurs with reasons.
LANDRY, J. Ad Hoc, dissents.
DENNIS, Justice, concurring.
Although the opinions of the doctors on the sanity commission were divided as to whether defendant has the mental capacity to stand trial, only the court, and not the doctor, is qualified to make this decision. When the appropriate considerations which have been adopted by this Court, see State v. Bennett, 345 So.2d 1129 (La.1977), are taken into account, the evidence is clear and convincing that the defendant lacked the requisite mental capacity to proceed at the time of his trial.
NOTES
[*] Chief Judge PAUL B. LANDRY, JR., participated in this decision as Associate Justice ad hoc, in place of SUMMERS, C. J.
[1] Judge Lemmie O. Hightower presided at the hearing.
[2] See 4 Columbia Human Rights Law Review 239, "The Accused Retardate." The article quotes a report by the President's Panel on Mental Retardation which states: "The mentally retarded defendant ... even though telling the truth, may be unable to give the impression of doing so because he is easily confused under the pressure of an effective cross-examiner. Thus, he might be discredited in the eyes of the judge, juryor, worse yet, be induced to testify untruthfully." 4 Columbia Human Rights Law Review 246.