952 So.2d 758 (2007)
STATE of Louisiana in the Interest of C.P.
No. 2006-CA-0889.
Court of Appeal of Louisiana, Fourth Circuit.
February 7, 2007.
*759 Eddie J. Jordan, Jr., District Attorney, Jason Lawless, Assistant District Attorney, Juvenile Division, New Orleans, LA, for Appellant.
Amy L. Jacobson, Jason W. Hammer, Student Attorneys, David R. Katner, Director, Tulane Juvenile Law Clinic, New Orleans, LA, for Appellee.
(Court composed of Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS Jr., Judge ROLAND L. BELSOME).
MICHAEL E. KIRBY, Judge.
The State of Louisiana appeals the April 12, 2006 judgment of the Orleans Parish Juvenile Court dismissing delinquency charges against the minor child, C.P.[1], and converting the matter to a Child In Need of Care case. The court also transferred custody of C.P. from the Office of Community Services ("OCS") to C.P.'s mother, and transferred jurisdiction of the case to Wynne, Arkansas, where C.P.'s mother now resides.
On October 17, 2003, C.P. was charged as a delinquent as a result of allegedly committing the offenses of carjacking, reckless operation of a vehicle and flight from an officer, violations of La. R.S. 14:64.2, 14:99 and 14:108.1 respectively. C.P. pled guilty to all of the charges, and the trial court ordered that C.P. be transferred to the Department of Health and Hospitals in order for a psychiatric evaluation to be performed by OCS. The trial court also ordered the Office of Youth Development ("OYD") to conduct a pre-dispositional investigation prior to sentencing. After the defense raised the issue of C.P.'s competency to stand trial, the trial court allowed C.P. to withdraw his guilty plea and enter a plea of not guilty. The court appointed Dr. Daliah Bauer, a clinical *760 psychologist, and Dr. Cheryl Wills, a psychiatrist, as the sanity commission. In addition to Dr. Bauer and Dr. Wills, several other mental health professionals evaluated C.P. and all submitted reports to the trial court. C.P. was sent to the New Orleans Adolescent Hospital ("NOAH") by order dated August 1, 2005.
Following a hearing conducted on December 2, 2005, the trial court ordered that C.P. be discharged from NOAH, and placed in OCS custody pending further hearings in this matter. After a hearing held on April 12, 2006, the trial court stated that the December 2, 2005 hearing was the competency hearing where C.P. was found to be not competent to stand trial. The trial court ordered that the delinquency charges against C.P. be dismissed, and the matter converted to a Child In Need of Care case. Additionally, the court ordered that custody of C.P. be transferred to his mother, and that jurisdiction of this case be transferred to Wynne, Arkansas, where C.P.'s mother currently resides. The State now appeals the April 12, 2006 judgment.
On appeal, the State argues that the trial court erred in determining that the December 2, 2005 hearing was a contradictory hearing on the issue of C.P.'s competence to stand trial, and that the trial court erred in finding C.P. incompetent to stand trial. The State's brief is silent as to the Louisiana Children's Code, and its arguments are instead based on the provisions of Articles 641-649 of the Louisiana Code of Criminal Procedure relative to the issue of determining a defendant's mental capacity to proceed.
La. Ch.C. article 103 states that the provisions of the Children's Code apply in all juvenile court proceedings. In a delinquency proceeding in juvenile court, the Code of Criminal Procedure applies only if procedures are not provided for in the Children's Code. La. Ch.C. article 104. La.Ch.C. articles 832-838 set forth the procedures to be followed in determining a child's mental capacity to proceed. Because the Children's Code contains provisions for determining a child's mental capacity to proceed, the provisions of the Code of Criminal Procedure on this issue are not applicable in this matter.
La. Ch.C. article 836 states as follows:
A. The issue of the mental capacity of the child to proceed shall be determined by the court after a contradictory hearing. If the child is in a secure detention facility, the hearing shall be held within forty-five days of the appointment of the sanity commission. Otherwise, the hearing shall be held within sixty days of the appointment of the sanity commission. The court may extend either time period for a period not to exceed fifteen days, if an extension of time was granted in accordance with Article 835.
B. The report of the sanity commission is admissible in evidence at the hearing. Members of the sanity commission may be called as witnesses by the court, the child, or the district attorney. Regardless of who calls them as witnesses, the members of the commission are subject to cross-examination by the child, by the district attorney, and by the court. Other evidence pertaining to the child's capacity to proceed may be introduced at the hearing by the child and by the district attorney.
The trial court's judgment of December 2, 2005 reflects that Dr. Drew Pate, C.P.'s treating physician at NOAH, testified that C.P. was no longer in need of hospitalization or medication, but recommended that he be placed in a group home or therapeutic foster home. The court rendered judgment discharging C.P. from NOAH, and placing him in the temporary *761 custody of OCS pending further hearings in this matter.
At a hearing on April 12, 2006, the defense requested that the delinquency charges against C.P. be dismissed, that the matter be transferred to Arkansas as a Child In Need of Care case, and that C.P. be released to the custody of his mother in Arkansas. Defense counsel argued that a contradictory hearing on the issue of competency was held on December 2, 2005, that testimony was taken from Dr. Pate, that all parties had the opportunity to take the testimony of both members of the sanity commission by telephone, and that the State waived the opportunity to take such testimony. The trial court stated on the record that defense counsel accurately stated its recollection of the December 2, 2005 hearing, and to the extent that the December 2, 2005 judgment lacked clarity, the court amended the judgment to reflect that the December 2, 2005 hearing was a contradictory hearing addressing the issue of competency, and that C.P. was found not competent to stand trial.
The State argues that neither the December 2, 2005 hearing nor the April 12, 2006 hearing could be considered competency hearings because neither of the two members of the sanity commission was present at either hearing. La. Ch.C. article 836 states that the report of the sanity commission is admissible in evidence at the competency hearing, and that members of the sanity commission may be called as witnesses by the court, the child, or the district attorney. (Emphasis ours.) This article does not require that members of the sanity commission be called to testify during the competency hearing. In this case, the trial court confirmed defense counsel's recollection that the members of the sanity commission were available to testify by telephone during the December 2, 2005 hearing, but the State did not indicate any interest in taking this testimony by telephone. The record reflects that the members of the sanity commission evaluated C.P. and submitted reports to the court before the December 2, 2005 hearing. Additionally, the court was able to consider the reports of other mental health professionals who evaluated C.P. prior to the December 2, 2005 hearing.
In State v. Coco, 371 So.2d 803, 805 (La.1979), the Louisiana Supreme Court stated that a trial court's determination of capacity to stand trial is entitled to great weight. However, the trial court may not rely so greatly on the medical testimony that he abandons the ultimate decision on competency to the medical experts. Id.
Although the opinions of the mental health professionals who evaluated C.P. differed to some degree, the consensus is that C.P. suffers from severe mental disorders. Both members of the sanity commission, Dr. Bauer and Dr. Willis, offered opinions in their reports on the issue of C.P.'s competence to stand trial. Dr. Bauer stated that C.P. had a general understanding of the roles of the various courtroom personnel and of courtroom procedures, and had the capacity to assist in his defense. However, Dr. Bauer's opinion was that C.P. had difficulty appreciating the adversarial nature of the proceedings against him and did not appreciate his right to avoid self-incrimination. Dr. Willis stated in her report that it was her opinion with reasonable medical certainty that C.P. continues to suffer from a severe and worsening mental disease that impedes his capacity to understand the nature and objectives of the proceedings against him and to assist with his defense. She further stated that C.P. does not understand the rules of various courtroom personnel and has no appreciation whatsoever of the adversarial nature of the adjudication process.
*762 After review of the record, we find no merit in the State's argument that the December 2, 2005 hearing was not a competency hearing. Furthermore, there is ample evidence in the record to support the trial court's conclusion that C.P. is not competent to stand trial, and we find no merit in the State's argument that the trial court erred in that conclusion.
For these reasons, we affirm the trial court judgment of April 12, 2006.
AFFIRMED
TOBIAS, J., concurs in the result and assigns reasons.
TOBIAS, J., concurring.
I respectfully concur in the result. Based upon the record on appeal, which is, proverbially, not as clean as a hound's tooth,[1] I cannot say that the decision of the majority is incorrect or that the trial court should not be affirmed.
NOTES
[1] In accordance with Uniform RulesCourts of Appeal, Rule 5-2, we will refer to the juvenile defendant by his initials.
[1] Glaser v. Hickey, 183 La. 710, 712, 164 So. 635, 636 (1935).