WHIPPLE, C.J.
The juvenile, D.G., was charged by petition in juvenile court with one count of armed robbery, a violation of LSA-R.S. 14:64, and one count of simple battery, a violation of LSA-R.S. 14:35 He denied the allegations and, following an adjudication hearing, was adjudicated a delinquent for the charged offenses. As noted by the juvenile court, these offenses occurred while D.G. was on probation for another offense. For the armed robbery offense, the juvenile court imposed disposition of confinement in secure placement until the juvenile attains the age of twenty-one years without benefit of parole, probation, or suspension of sentence; for the simple robbery offense, the juvenile court imposed disposition of confinement for six months and *812 ordered this disposition to run concurrently with any other sentence imposed. D.G. now appeals, designating two assignments of error. For the following reason, we affirm the adjudications and dispositions.
FACTS
On March 31, 2017, the victim, Cornelius Chopez, left his apartment on Titan Avenue in Baton Rouge to dump his garbage. As he was walking back to his apartment, D.G. and another juvenile approached Chopez and demanded money. He did not have money on his person. The juveniles patted him down. When Chopez tried to run, D.G. produced a gun from his waistband and pointed it at Chopez's head. D.G. grazed his head with the gun. When Chopez tried to run, he dropped his cell phone. D.G.'s companion took the phone, and the juveniles left. Chopez identified D.G. in a photographic lineup as the perpetrator. Chopez also identified D.G. in court.
D.G. did not testify.
ASSIGNMENT OF ERROR NO.1
In his first assignment of error, D.G. argues the juvenile court erred in failing to make a finding of competency prior to proceeding with the adjudication hearing.
The issue of D.G.'s competency was apparently raised prior to the contradictory hearing held on February 6, 2018. The first minute entry of the record states: "COURT SUSPENDS HEARING, PENDING RESTORATION ON COMPETENCY." The minutes further indicate that the competency review was set for September 5, 2017. The September 5, 2017 minute entry states that the matter was reassigned for a status conference on October 24, 2017. D.G. notes that on this date, October 24, 2017, the juvenile court relieved the Department of Health and Mental Health Advocacy Center of representation. D.G. contends that there was no further mention of competency or mental health issues until disposition was imposed.
D.G. points out in brief that once the mental health of a child is raised, there can be no further steps in the prosecution until the child is found to have the mental capacity to proceed. See LSA-Ch. C. arts. 832, 834 & 836. D.G. asserts that his case was suspended and that his competency was never determined. Thus, D.G. contends his adjudications and dispositions are null, and the case should be remanded to determine his competency in accordance with LSA-Ch. C. arts. 836 - 837.
We disagree. The entirety of D.G.'s argument is based on what was contained in a few minute entries. While it is clear that someone at some point raised the issue of D.G.'s competency, there is nothing in the record to indicate the juvenile court even ordered a competency commission, pursuant to LSA-Ch.C. art. 834. Further, while D.G. suggests that the Mental Health Advocacy Center representative was "relieved" by the court, with no further consideration or mention of D.G.'s competency, our reading of the record suggests something different. The October 24, 2017 minute entry indicates the following people were present in court: The prosecutor; defense counsel; Krystal Brown, with the Louisiana Department of Health; Brittany Yoes, with the Mental Health Advocacy Center; and Keelen Robinson, with the Office of Juvenile Justice. It appears that, following some type of hearing or conference, the juvenile court then relieved Krystal Brown and Brittany Yoes. All of this occurred prior to the probable cause hearing on November 1, 2017.
Most importantly, as the State points out in its brief, certain status conferences *813 had not been transcribed and made part of the record. The State thus supplemented the instant record with transcripts of those proceedings (which supplementation was apparently subsequent to D.G. crafting his argument complaining of error based on several minute entries).
The supplementation reveals that at the October 24, 2017 status conference, when the State requested a new court date, defense counsel agreed and added, "It looks like according to the report, he is probably competent to move forward with restoration services[.]" At this point, counsel with the Mental Health Advocacy Center and the Department of Health asked to be relieved. At the November 1, 2017 hearing, with D.G. present, the State noted it was ready to move forward. The juvenile court stated, "Okay. Alright, I'll note the last time we were here I had to get a report from LDH. We agreed to accept that report." Defense counsel agreed, and the juvenile court stated: "And so we're able to go forward. That satisfied that [D.G.] understands what's going on and is able to assist at this point. " (Italics added).
Accordingly, the juvenile court, based on a determination by the Louisiana Department of Health, found that D.G. was competent to proceed. Specifically, the juvenile court had the opportunity to consider reports of mental health professionals who evaluated the minor. If the hearing was not contradictory in nature, it was not so because defense counsel acquiesced to the findings of competency regarding the minor. See State ex rel. C.P., 2006-0889 (La. App. 4th Cir. 2/7/07), 952 So.2d 758, 760-761.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2
In his second assignment of error, D.G. argues the juvenile court erred in failing to assure that the interpreter was qualified as an expert in Spanish and was administered the oath or affirmation that she would make a true translation.
Cornelius Chopez, the victim, spoke only Spanish, so an interpreter, Carmen Williams, was used at the adjudication hearing to elicit his testimony. D.G. complains there was no colloquy with the interpreter to determine her qualifications, knowledge, training, and education. He contends that as such, the juvenile court abused his discretion in permitting the interpreter to translate the victim's testimony.
In the entirety of the record before us, the only motion filed regarding an interpreter was a "Motion For Interpreter," filed by the State. An interpreter was thus appointed and used at the adjudication hearing. Defense counsel filed no motions, in limine or otherwise, regarding the use of an interpreter. Defense counsel did not object or raise a single issue regarding the use of an interpreter at the adjudication hearing. Further, there is nothing in the minutes about defense counsel raising any issue regarding the use of an interpreter.
Because D.G. offered no contemporaneous objection to the use of an interpreter or to any of the actual interpretation during the hearing and, in fact, acquiesced to it, he cannot now raise this issue on appeal. See LSA-C.Cr.P. art. 841 ; State ex rel. K.G., 34,535 (La. App. 2nd Cir. 1/24/01), 778 So.2d 716, 723. Accordingly, having raised any and all issues regarding the use of an interpreter for the first time on appeal, D.G. has failed to preserve the issue for this court's review.[1]
*814 This assignment of error also lacks merit.
ADJUDICATIONS AND DISPOSITIONS AFFIRMED.

Supplementation of the record by the State also indicates the interpreter was sworn to truthfully repeat and translate answers to the best of her knowledge.